STATE OF NORTH CAROLINA v. JAMES EDWARD THAGGARD

No. COA04-368

(Filed 1 February 2005)

**1. Appeal and Error— preservation of issues—failure to argue in brief**

Defendant voluntarily abandoned two assignments of error in a statutory rape, statutory sexual offense, and taking indecent liberties case related to admission of evidence concerning the vic-

tims' past sexual conduct and that sustained the State's objection to character testimony about one of the victims, because defendant failed to argue these issues in his brief.

**2. Evidence— prior crimes or bad acts—similar sex offenses— temporal proximity—opportunity—common scheme or modus operandi—identity**

The trial court did not abuse its discretion in a statutory rape, statutory sexual offense, and taking indecent liberties case by allowing two witnesses who were not the victims in this case to testify that they had been sexually abused by defendant, because: (1) the alleged incidents involving the witnesses occurred in 1999 and 2000, while the events at bar occurred in early to mid 2001; (2) the witnesses were the same age as the victims; (3) in both situations, defendant frequently visited or stayed overnight at the homes where the incidents occurred; (4) all four girls were assaulted as they slept or were about to fall asleep while others were present elsewhere in the residence; (5) the two sets of victims are sisters, and the oldest was abused first in both cases; and (6) based on the above similarities and the temporal proximity, the testimony was proper to show opportunity, a common scheme or modus operandi, and the assailant's identity.

**3. Evidence— officer's testimony—prior consistent statements—corroboration**

The trial court did not err in a statutory rape, statutory sexual offense, and taking indecent liberties case by permitting an investigator to testify that the two minor victims' in-court testimony was consistent with their previous statements to the investigator, because: (1) a review of the investigator's testimony with the victims' in-court testimony shows his testimony to be corroborative; (2) the differences that defendant cites in the statements are not appreciable variances and instead appeared to be either where the investigator did not receive all the details during the initial meetings or the order of details in the victims' stories varied between their initial statements and their testimony at trial; and (3) any disparities affect the weight, not the admissibility, of the statements and the witnesses' credibility.

**4. Evidence— opinion testimony—medical expert—sexual abuse—no prejudicial error**

Although the trial court erred in a statutory rape, statutory sexual offense, and taking indecent liberties case by admitting

opinion testimony from a medical expert, a forensic pediatrician, that the victims were truthful and did not just get together to tell each other what to say, the error was not prejudicial to defendant because the State presented other overwhelming evidence against defendant including that: (1) the victims' testimony was consistent with statements made to parents, counselors, social workers, law enforcement officers, and the pediatrician as shown through corroborative testimony, (2) the pediatrician's medical examinations discovered numerous physical and emotional injuries consistent with the victims' histories and indicative of sexual abuse; and (3) both victims experienced noticeable behavioral changes following the incidents.

**5. Evidence— prior crimes or bad acts—indecent liberties—no prejudicial error**

Although the trial court erred in a statutory rape, statutory sexual offense, and taking indecent liberties case by allowing the State to ask a defense witness, defendant's former girlfriend, whether she knew that defendant had previously been convicted of taking indecent liberties with a child, this error was not prejudicial to defendant even though defendant contends it made him change trial tactics and forced him to testify because: (1) the State presented a wealth of testimony and physical evidence implicating defendant as the perpetrator of the crimes against the two victims; (2) the trial court gave a lengthy limiting instruction prior to two witnesses testifying about defendant's prior sexual abuse of them that the evidence could not be used to show defendant acted in conformity with it to commit the crimes; and (3) the court's jury instructions prior to deliberation ensured that any evidence pertaining to defendant's prior convictions of taking indecent liberties with children was to be considered solely for the N.C.G.S. § 8C-1, Rule 404(b) factors of identity, motive, intent, or common scheme.

**6. Evidence— victims' juvenile records—failure to grant complete access**

The trial court did not err in a statutory rape, statutory sexual offense, and taking indecent liberties case by failing to allow defendant to gain complete access to the victims' juvenile records, because: (1) the trial court reviewed the victims' juvenile records upon defendant's motion and determined that there was nothing defendant was entitled to see; (2) the records do not contain information material to defendant's case and no reasonable

STATE v. THAGGARD

[168 N.C. App. 263 (2005)]

probability exists that the result of the proceeding would have been different; and (3) the documentation further corroborated the facts of the case.

**7. Indecent Liberties; Rape; Sexual Offenses— statutory rape—statutory sexual offense—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motions to dismiss the charges of statutory rape, statutory sexual offense, and taking indecent liberties with a minor based on alleged insufficiency of the evidence, because: (1) in regard to the rape and sexual offense charges, the record indicated that the pertinent victim was fourteen years old, defendant was thirty-six years old, they were not lawfully married at the time of the incident, and defendant forced the victim to engage in vaginal and anal intercourse; (2) in regard to the taking indecent liberties charge, the pertinent victim was twelve and defendant was over the age of sixteen and at least five years older than the victim, the victim awoke after passing out to find defendant on top of her, both the victim's and defendant's pants and underwear were pulled down, the victim later experienced pain in her vaginal and anal areas, and a forensic pediatrician determined from a medical exam that the victim was both physically and mentally injured by nonconsensual sexual abuse; and (3) although defendant contends the victims' and the corroborative testimonies are contradictory and lack credibility, the credibility and weight given to a witness's testimony is determined by the jury and not the court.

Appeal by defendant from judgments entered 3 November 2003 by Judge James Floyd Ammons, Jr., in Cumberland County Superior Court. Heard in the Court of Appeals 18 November 2004.

*Attorney General Roy Cooper, by Special Deputy Attorney General Christine M. Ryan, for the State.*

*Terry W. Alford, for defendant-appellant.*

TYSON, Judge.

James Edward Thaggard ("defendant") appeals from judgments entered after a jury found him to be guilty of: (1) statutory rape; (2) statutory sexual offense; and (3) taking indecent liberties with a child. We find no prejudicial error.

STATE v. THAGGARD

[168 N.C. App. 263 (2005)]

## I. Background

Sisters Jo.P., age fourteen, and Je.P., age twelve (collectively, "the victims") lived with their father and brother in a three bedroom mobile home in Cumberland County. Defendant was a friend of the victims' father and occasionally spent the night with them. In August 2001, defendant was at the home watching television in the living room with the victims and several others. Defendant left and went to their brother's bedroom. Jo.P. left the living room to take a shower. After her shower, she went to her bedroom and laid face down on her bed.

The State's evidence tended to show that after Jo.P. laid on her bed, she felt someone crawl up behind her, put a gun to her head, and say he would shoot her if she made a sound. Jo.P. could not see the person, but recognized defendant's voice. The assailant removed Jo.P.'s underwear, pulled up her nightgown, and proceeded to engage in anal and vaginal intercourse with her. After the assaults were completed, the assailant got off of the bed and walked out of the bedroom. Jo.P. turned to see who the assailant was and recognized defendant. Jo.P. first told her sister, Je.P., about the assault a week later, and told the Cumberland County Department of Social Services ("DSS") and the police in April 2002.

Later that summer, the sisters, brother, and father held a cookout at their mobile home. Je.P. drank liquor at her brother's request and became dizzy. She went inside, laid down on the couch, and passed out. When she awoke, defendant was on top of her. Je.P.'s and defendant's pants and underwear were pulled down. She fell back asleep until her brother came into the mobile home and began arguing with defendant. Je.P. felt pain in her vaginal and anal areas. Je.P. told her sister and her guardian *ad litem* about the assault.

In April 2002, DSS conducted a neglect investigation of the sisters. The investigator, Edward Morley ("Investigator Morley"), met with Jo.P. and Je.P. separately, and each described the above events. A medical exam was performed by Dr. Sharon Cooper ("Dr. Cooper") on the victims. Tears and scarring consistent with sexual trauma were found in Jo.P.'s vagina and anus. A similar injury was found in Je.P.'s vagina. Dr. Cooper diagnosed the victims with injuries consistent with a non-consensual sexual assault.

On 9 December 2002, defendant was indicted for one count of statutory rape of a person who is 13, 14, or 15 years old, one count of

STATE v. THAGGARD

[168 N.C. App. 263 (2005)]

statutory sexual offense of a person who is 13, 14, or 15 years old, and one count of taking indecent liberties with children with respect to Jo.P. Defendant was also indicted for one count of statutory rape and one count of taking indecent liberties with children with respect to Je.P. Defendant was tried before a jury during the 27 October 2003 Criminal Session of the Superior Court of Cumberland County.

Defendant's former girlfriend, Brenda Murray ("Murray"), testified she knew the victims and their reputations as "liars" in the community. Defendant testified the victims conspired against him. He also admitted to being previously convicted of two counts of taking indecent liberties with minors.

The jury found defendant to be not guilty of: (1) taking indecent liberties with a child for Jo.P.; and (2) first-degree statutory rape of Je.P. Defendant was found to be guilty of: (1) statutory rape of Jo.P.; (2) statutory sexual offense of Jo.P.; and (3) taking indecent liberties with a child for Je.P. The trial court sentenced defendant to three consecutive active sentences of: (1) not less than 336 nor more than 413 months for statutory rape; (2) not less than 336 nor more than 413 months for statutory sex offense; and (3) not less than twenty-one nor more than twenty-six months for indecent liberties. Defendant appeals.

## II. Issues

The issues on appeal are whether the trial court erred in: (1) not allowing admission of evidence concerning the victims' past sexual conduct; (2) allowing two witnesses to testify that they were sexually abused by defendant when they were minors; (3) allowing Investigator Morley to testify that Jo.P.'s testimony was consistent with prior statements she had made to him; (4) allowing the State's medical expert to testify that she did not believe the two sisters conspired together to lie against defendant; (5) permitting the State to ask defendant's character witness about defendant's prior convictions; (6) sustaining the State's objection to character testimony about Jo.P.; (7) not providing defendant access to the victims' juvenile files; and (8) failing to dismiss the charges against defendant for insufficiency of the evidence.

## III. Abandonment of Assignments of Error

[1] Defendant voluntarily abandoned assignment of error number 1, not allowing admission of evidence concerning the victims' past sexual conduct; and number six, sustaining the State's objection

to character testimony about Jo.P., by failing to argue them in his brief. N.C.R. App. P. 10 (2004); N.C.R. App. P. 2 (2004). We decline to review these abandoned assignments of error and dismiss. N.C.R. App. P. 2.

### IV.  Other Crimes, Wrongs, or Acts

**[2]** Defendant asserts the trial court erred in allowing two witnesses who were not the victims to testify that they had been sexually abused by defendant. We disagree.

Rule 404(b) of the North Carolina Rules of Evidence states in part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (2003). The admissibility of 404(b) evidence is "subject to the weighing of probative value versus unfair prejudice mandated by Rule 403." *State v. Agee,* 326 N.C. 542, 549, 391 S.E.2d 171, 175 (1990); N.C. Gen. Stat. § 8C-1, Rule 403 (2003) ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of unfair delay, waste of time, or needless presentation of cumulative evidence."). Rule 404(b) is a rule of inclusion, not exclusion. *Agee,* 326 N.C. at 550, 391 S.E.2d at 175.

The balancing of these factors lies "within the sound discretion of the trial court, and the trial court's ruling should not be overturned on appeal unless the ruling was 'manifestly unsupported by reason or [was] so arbitrary that it could not have been the result of a reasoned decision.' " *State v. Hyde,* 352 N.C. 37, 55, 530 S.E.2d 281, 293 (2000) (quoting *State v. Hennis,* 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988)), *cert. denied,* 531 U.S. 1114, 148 L. Ed. 2d 775 (2001).

Here, the State offered the testimonies of C.W. and N.W., defendant's nieces. C.W. testified that when she was fourteen, she spent the night at her grandmother's house. Defendant stopped by the house while she was asleep. C.W. stated that she awoke to discover that defendant "had put his mouth on my vaginal area . . . and had his

tongue down there." Defendant asked C.W. if she wanted to have sex, then "stuck his finger . . . in my vaginal area."

N.W. testified that when she was between eleven and twelve years old, she awoke one night as defendant was trying to remove her pants. She tried to push and kick him away, but he succeeded in rubbing her buttocks with his hands before she got up and left the room.

The trial court specifically instructed the jury before the witnesses testified that they could consider this evidence only to show

> the identity of a person who has committed a crime that's charged in the case, to show that the defendant had the motive for commission of a crime that is charged in this case, to show that a defendant had the intent, which is a necessary element of a crime that might be charged in this case or to show that there existed in the mind of a defendant a plan, a scheme or a system designed to involve the elements involved in the crime charged in this case . . . . I want you to . . . keep these limitations in mind.

Defendant participated in crafting this instruction. He received three opportunities to cross-examine C.W. and cross-examined N.W. once.

North Carolina's appellate courts have been "markedly liberal in admitting evidence of similar sex offenses to show one of the purposes enumerated in Rule 404(b)." *State v. Scott,* 318 N.C. 237, 247, 347 S.E.2d 414, 419 (1986) (citations omitted). Our Supreme Court "has been very liberal in admitting evidence of similar sex crimes in construing the exceptions to the general rule." *State v. Greene,* 294 N.C. 418, 423, 241 S.E.2d 662, 665 (1978) (citing *State v. Arnold,* 284 N.C. 41, 199 S.E.2d 423 (1973); *State v. Davis,* 229 N.C. 386, 50 S.E.2d 37 (1948); *State v. Biggs,* 224 N.C. 722, 32 S.E.2d 352 (1944)).

This Court has also applied a liberal interpretation of Rule 404(b). *See State v. Carpenter,* 147 N.C. App. 386, 392, 556 S.E.2d 316, 321 (2001) (where this court permitted evidence of prior bad sex acts to show the defendant "used ministry and church activities as an excuse for spending time" with his previous victims, "did similar activities" with the victims, and sexually abused the victims in similar areas and by using a similar manner), *cert. denied,* 355 N.C. 217, 560 S.E.2d 143, *cert. denied,* 536 U.S. 967, 153 L. Ed. 2d 851, *reh'g denied,* 536 U.S. 983, 153 L. Ed. 2d 885 (2002); *State v. Patterson,* 149 N.C. App.

354, 362-64, 562 S.E.2d 321, 326-27 (2002) (affirming trial court's admission of evidence showing prior bad acts by defendant who met his victims at skating rinks, invited the victims to his home, and provided them drugs and alcohol); *State v. Brothers*, 151 N.C. App. 71, 76-77, 564 S.E.2d 603, 607 (2002) (noting prior bad acts need not be " 'unique or bizarre' " and it was not error to admit evidence showing the defendant's victims were the same age, the acts occurred under similar circumstances, the defendant used a similar manner to commit the acts, and the defendant was the stepfather to both victims), *cert. denied*, 356 N.C. 681, 577 S.E.2d 895 (2003).

"[S]uch evidence is relevant and admissible so long as the incidents are sufficiently similar and not too remote." *State v. Blackwell*, 133 N.C. App. 31, 35, 514 S.E.2d 116, 119 (citing *State v. Bagley*, 321 N.C. 201, 207, 362 S.E.2d 244, 247-48 (1987)), *cert. denied*, 350 N.C. 595, 537 S.E.2d 483 (1999); *see also State v. Smith*, 152 N.C. App. 514, 527, 568 S.E.2d 289 (2002) ("The use of evidence permitted under Rule 404(b) is guided by two constraints: similarity and temporal proximity.") (citation omitted).

The alleged incidents involving C.W. and N.W. occurred in 1999 and 2000, while the events at bar occurred in early to mid 2001. Je.P. and N.W. were both about twelve years old, and Jo.P. and C.W. were fourteen years old. In both situations, defendant frequently visited or stayed overnight at the homes where the incidents occurred. All four girls were assaulted as they slept or were about to fall asleep while others were present elsewhere in the residence. The two sets of victims are sisters, and the oldest was the abused first in both cases.

Based on the above similarities and the temporal proximity, we conclude the admission of C.W. and N.W.'s testimony was for proper purposes: to show opportunity, a common scheme or *modus operandi*, and the assailant's identity. Although differences exist in the four assaults, defendant failed to show that the trial court abused its discretion by allowing the testimony. This assignment of error is overruled.

### V. Corroborative Witness Testimony

[3] Defendant contends the trial court erred in permitting a witness to testify that the victims' testimony was consistent with what they told him during an earlier conversation. We disagree.

Our Supreme Court has held that a witness's prior consistent statements may be admissible to corroborate the witness's in-court

testimony. *State v. Gell*, 351 N.C. 192, 204, 524 S.E.2d 332, 340, *cert. denied*, 531 U.S. 867, 148 L. Ed. 2d 110 (2000). To constitute corroborative evidence, "the prior statement of the witness need not merely relate to specific facts brought out in the witness's testimony at trial, so long as the prior statement in fact tends to add weight or credibility to such testimony." *State v. Ramey*, 318 N.C. 457, 469, 349 S.E.2d 566, 573 (1986).

The trial court possesses broad discretion in deciding whether a prior consistent statement may be admitted for corroboration. *State v. Call*, 349 N.C. 382, 410, 508 S.E.2d 496, 513 (1998) (citing *State v. Levan*, 326 N.C. 155, 388 S.E.2d 429 (1990)), *cert. denied*, 534 U.S. 1046, 151 L. Ed. 2d 548 (2001), *cert. denied*, 357 N.C. 579, 589 S.E.2d 130 (2003). The statements must be "generally consistent" with one another. *State v. Britt*, 291 N.C. 528, 535, 231 S.E.2d 644, 650 (1977). "Slight variations will not render the statements inadmissible, but such variations only affect the credibility of the statement," not its admissibility. *State v. Martin*, 309 N.C. 465, 476, 308 S.E.2d 277, 284 (1983) (citing *Britt*, 291 N.C. at 528, 231 S.E.2d at 644). The State may not proffer evidence of prior statements of a witness that directly contradict that witness's trial testimony. *Gell*, 351 N.C. at 204, 524 S.E.2d at 340.

Here, defendant assigns error to Investigator Morley's testimony that the victims' in-court testimony was consistent with their earlier statements to him. Defendant argues four discrepancies exist between the victims' statements to Investigator Morley and their testimony in court. First, Investigator Morley testified that Je.P. complained that "[defendant] tried to touch her and that he was a pervert . . . and that he had also tried to touch her sister." Je.P. did not mention to Investigator Morley "*at that time*" that she awoke to find defendant on top of her. Second, Jo.P. initially told Investigator Morley that defendant came up behind her and took her clothes off while she was standing. She then immediately corrected herself to say that she was lying on the bed during the entire incident. Third, Jo.P. did not tell Investigator Morley that she saw defendant leave the room after the assault. Fourth, Investigator Morley testified that Jo.P. stated defendant penetrated her vaginally first, then anally, where Jo.P. testified to the reverse order.

A careful review of Investigator Morley's testimony with the victims' in-court testimony shows them to be corroborative. The differences that defendant cites are not appreciable variances. This was not a situation where multiple, divergent stories were told. Rather,

the differences appeared to be either where Investigator Morley did not receive all the details during the initial meetings or the order of details in the victims' stories varied between their initial statements and their testimony at trial. *See State v. Harrison*, 328 N.C. 678, 681-82, 403 S.E.2d 301, 303-04 (1991) (slight variances in corroborative testimony go to credibility, not admissibility). Considered in totality, Investigator Morley's testimony of the victims' statements to him were substantially consistent with that of the victims' in-court testimony. Any disparities affect the weight, not the admissibility, of the statements and the witnesses' credibility. *Britt*, 291 N.C. at 535, 231 S.E.2d at 650. This assignment of error is overruled.

## VI. Medical Expert Opinion Testimony

**[4]** Defendant argues the trial court committed prejudicial error by admitting opinion testimony from a medical expert that the victims were truthful. We agree, but find the error to be non-prejudicial to defendant.

### A. Expert Opinion on Witness Credibility

Our Supreme Court has held that under Rules 405(a) and 608(a) of the North Carolina Rules of Evidence, "an expert witness may not testify that the prosecuting child-witness in a sexual abuse trial is believable, *State v. Aguallo*, 318 N.C. 590, 350 S.E.2d 76 (1986), or that the child is not lying about the alleged sexual assault,' *State v. Heath*, 316 N.C. 337, 341 S.E.2d 565 (1986)." *State v. Baymon*, 336 N.C. 748, 752, 446 S.E.2d 1, 3 (1994); *see also* N.C. Gen. Stat. § 8C-1, Rule 405(a) (2003); N.C. Gen. Stat. § 8C-1, Rule 608(a) (2003).

However, a trial court may permit otherwise inadmissible evidence to be admitted if the opposing party opens the door through cross-examination of the witness. *Baymon*, 336 N.C. at 752, 446 S.E.2d at 3. "Opening the door" is the principle where one party introduces evidence of a particular fact and the opposing party may introduce evidence to explain or rebut it, even though the rebuttal evidence would be incompetent or irrelevant, if offered initially. *Id.* at 752-53, 446 S.E.2d at 3 (citations omitted).

Here, Dr. Cooper, a forensic pediatrician, was tendered by the State as a witness. The Court recognized Dr. Cooper as "an expert in the field of child sexual abuse and child sexual evaluations." She treated both victims after removal from their father's house. Dr. Cooper explained the histories as told to her by the victims, social workers, and counselors. She further discussed the physical exami-

nations she performed on the victims and existing behavioral disorders caused by the incidents. Based on the histories, physical examinations, and behavioral issues, Dr. Cooper diagnosed Jo.P. and Je.P. as victims of sexual assault, sexual exploitation, and post-traumatic stress disorder.

Following Dr. Cooper's explanation of her diagnosis of the victims, the State asked on direct examination, "Now, Dr. Cooper, based on your training and experience and your examination of the two girls, [Jo.P.] and [Je.P.], do you think that the two girls just got together and told each other what to say to you?" Following an objection by defendant, which the trial court overruled, Dr. Cooper responded, "No. No, I don't." Dr. Cooper then proceeded to discuss the basis of her opinion.

The State's question and Dr. Cooper's answer speak directly to the credibility of the victims' testimony. This testimony was an impermissible comment by an expert medical witness on the credibility of the two prosecuting witnesses. This evidence is allowed only if defendant "opened the door" by addressing the victims' credibility on cross-examination. *See Baymon*, 336 N.C. at 752-53, 446 S.E.2d at 3 (citations omitted). This opinion was expressed on direct examination of Dr. Cooper during the State's case-in-chief before defendant had the opportunity to "open the door." Admission of Dr. Cooper's opinion that she did not believe "the two girls just got together and told each other what to say" was error.

### B. Prejudicial Error

Having found the admission of Dr. Cooper's opinion bolstering the credibility of the victims was error, we now consider whether this error was prejudicial to defendant.

A defendant is prejudiced by errors relating to rights arising other than under the Constitution of the United States when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises.

N.C. Gen. Stat. § 15A-1443(a) (2003). A reasonable possibility must exist that the evidence complained of contributed to the conviction. *State v. Milby*, 302 N.C. 137, 142, 273 S.E.2d 716, 720 (1981). The burden is on the defendant to show both the error and its prejudicial effect. *Id.*; N.C. Gen. Stat. § 15A-1443(a).

Defendant failed to argue how Dr. Cooper's testimony was prejudicial to his case. After a complete review of the record and transcripts, we do not conclude that Dr. Cooper's opinion testimony concerning the victims' credibility caused a different result at trial. The State presented other overwhelming evidence against defendant. The victims' testimony was consistent with statements made to parents, counselors, social workers, law enforcement officers, and Dr. Cooper, as shown through corroborative testimony. Dr. Cooper's medical examinations discovered numerous physical and emotional injuries consistent with the victims' histories and indicative of sexual abuse. Both victims experienced notable behavioral changes following the incidents.

Based on other overwhelming evidence of defendant's guilt, we hold the admission of Dr. Cooper's opinion was not prejudicial error. This assignment of error is overruled.

### VII. Admission of Prior Convictions

**[5]** Defendant asserts the trial court committed prejudicial error by allowing the State to ask a defense witness whether she knew that defendant had previously been convicted of taking indecent liberties with a child. We disagree.

### A. Impeachment of a Witness

The North Carolina Rules of Evidence permit the introduction of opinion and reputation testimony concerning the credibility of a previously heard witness. *State v. Oliver*, 85 N.C. App. 1, 22-23, 354 S.E.2d 527, 539, *cert. denied*, 320 N.C. 174, 358 S.E.2d 64 (1987); N.C. Gen. Stat. § 8C-1, Rule 405; N.C. Gen. Stat. § 8C-1, Rule 608. This method of impeachment must be preceded by a proper foundation showing the "testifying witness has sufficient contact with the community" to qualify as having a credible opinion or knowing what kind of reputation the other witness has. *State v. Morrison*, 84 N.C. App. 41, 47-48, 351 S.E.2d 810, 814 (citing *State v. Sidden*, 315 N.C. 539, 340 S.E.2d 340 (1986); *State v. McEachern*, 283 N.C. 57, 194 S.E.2d 787 (1973)), *cert. denied*, 319 N.C. 408, 354 S.E.2d 724 (1987).

Here, the State offered the testimony of both victims and additional corroborative evidence from other witnesses. In response, defendant offered the testimony of his former girlfriend, Murray, who lived in the same community as the victims and who was familiar with their reputations.

Defendant:  Ms. Murray, do you—in the community in which you live, does (sic) [Jo.P.] and [Je.P.] have a reputation as to whether or not they tell the truth?

Murray:     Yes.

Defendant:  What is that reputation?

Murray:     They lie.

Under Rules 405(a) and 608(a) of the North Carolina Rules of Evidence and North Carolina case law, this line of questioning by defendant is permitted as an impeachment of the credibility of the State's two prosecuting witnesses. N.C. Gen. Stat. § 8C-1, Rule 405(a); N.C. Gen. Stat. § 8C-1, Rule 608(a); *see State v. Wise,* 326 N.C. 421, 426, 390 S.E.2d 142, 145, *cert. denied,* 498 U.S. 853, 112 L. Ed. 2d 113 (1990).

"A defendant in a criminal case is entitled to introduce evidence of his own good character as substantive evidence in his favor." *State v. Gappins,* 320 N.C. 64, 69, 357 S.E.2d 654, 658 (1987) (citations omitted). However, should the defendant proffer such testimony, the State may respond by introducing evidence of his bad character in rebuttal. *Id.;* N.C. Gen. Stat. § 15A-1226(a) (2003).

### B.  Cross-Examination of Defense Character Witness

In North Carolina, "[a] witness may be cross-examined on any matter relevant to any issue in the case, including credibility." N.C. Gen. Stat. § 8C-1, Rule 611(b) (2003); *see also State v. Freeman,* 319 N.C. 609, 616, 356 S.E.2d 765, 769 (1987). " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2003). However, "evidence admissible during cross-examination remains subject to the limits of other rules governing relevancy, including Rules 402, 403, and 404, as well as to Rule 609." *State v. Lynch,* 334 N.C. 402, 411, 432 S.E.2d 349, 353 (1993).

Rule 404(a)(1) of the North Carolina Rules of Evidence limits the evidence the State may offer to "a pertinent trait of [the defendant's] character offered by an accused, or by the prosecution to rebut the same . . . ." N.C. Gen. Stat. § 8C-1, Rule 404(a)(1). Rule 405 provides the options available to proving character:

(a) *Reputation or opinion.*—In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct. Expert testimony on character or a trait of character is not admissible as circumstantial evidence of behavior.

(b) *Specific instances of conduct.*—In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct.

N.C. Gen. Stat. § 8C-1, Rule 405. Under Rule 405, the State may question the defense witness's basis for the favorable testimony by asking, "did you know," or "have you heard" about specific instances of the defendant's conduct. *See id.*; *see also* N.C. Gen. Stat. § 8C-1, Rule 608(b) (2003) (cross examination permitted only for questions probative of truthfulness).

Here, Murray testified solely to the credibility of Je.P. and Jo.P. Defendant did not proffer opinion or reputation testimony of his good character through Murray as permitted under Rules 404 and 405. *See State v. Powell,* 340 N.C. 674, 691, 459 S.E.2d 219, 227 (1995), *cert. denied,* 516 U.S. 1060, 133 L. Ed. 2d 688 (1996). Rather, Murray's testimony was offered to impeach the State's primary witnesses. Murray made no mention of defendant's character until the State initiated the inquiry on cross-examination.

Murray: Me and [defendant] were like off and on. We didn't have a steady relationship. We were off and on.

State: But you just said you dated him for three and a half years?

Murray: We did. Everybody have their problems. We break up, go back together, break up, go back together.

State: So you're saying Mr. Thaggard wouldn't do anything like this?

Murray: No.

State: Your Honor, may I approach?

. . . .

State:        Ms. Murray—

Murray:       Yes.

State:        —do you know Mr. Thaggard was convicted—

Defendant:    Objection.

The Court:    Overruled.

State:        —of taking indecent liberties with a child?

Defendant:    Objection.

The Court:    Overruled.

Murray:       Yes.

State:        Do you know he was convicted of two counts of taking indecent liberties with a child?

Murray:       Yes.

This was an impermissible admission into evidence of defendant's prior convictions. The victims' characters, not defendant's, were placed in issue by Murray's testimony. Any inquiries into Murray's credibility regarding her testimony should have been limited as such. We further note that, in moving the trial court for admission of C.W. and N.W.'s testimony concerning the underlying facts of the prior indecent liberties convictions, the State specifically declared, "The State's not going to attempt to bring in the actual convictions through these young ladies." The trial court erred in permitting the State to introduce evidence of defendant's previous convictions through Murray.

### C. Prejudicial Error

Defendant contends the error was prejudicial in that it changed trial tactics and forced him to testify. He further asserts that by taking the stand, he was forced to answer additional questions about the prior convictions, which created a reasonable possibility that the jury returned a different verdict after listening to the prior convictions evidence. *State v. Brown*, 101 N.C. App. 71, 80, 398 S.E.2d 905, 910 (1990). We disagree.

We have already determined the admission of C.W. and N.W.'s testimony concerning the previous sexual abuse by defendant was proper under Rule 404(b). The same reasoning also applies here. The State presented a wealth of testimonial and physical evidence implicating defendant as the perpetrator of the crimes against Je.P. and

Jo.P. The trial court gave a lengthy limiting instruction prior to C.W. and N.W. testifying that the Rule 404(b) evidence could not be used to show defendant acted in conformity with it to commit the crimes at bar. The court's jury instructions prior to deliberation ensured that any evidence pertaining to defendant's prior convictions of taking indecent liberties with children was to be considered solely for the Rule 404(b) factors: identity, motive, intent, or common scheme.

We hold the admission of defendant's prior crimes through Murray and defendant's subsequent decision to testify in response to the evidence is not prejudicial error in light of the considerable amount of other evidence against defendant. In addition, the trial court twice provided the jury limiting instructions concerning the use of the Rule 404(b) evidence.

### VIII. Review of Juvenile Records

[6] Defendant argues the trial court erred in not providing him complete access to the victims' juvenile records. We disagree.

In *Pennsylvania v. Ritchie*, the Supreme Court of the United States held that a defendant may request the trial court to conduct an *in camera* review of juvenile records created during the investigation of a victim's complaint. 480 U.S. 39, 58, 94 L. Ed. 2d 40, 58 (1987). The purpose is to protect the defendant's due process rights by access, through the trial court, of files that may contain information material to his guilt or punishment. *Id.*; *Brady v. Maryland*, 373 U.S. 83, 87, 10 L. Ed. 2d 215, 218 (1963). However, in the interest of protecting the minors involved, defense counsel is prohibited from personally combing through the files. *Id.*

Our Supreme Court ruled in *State v. Hardy*,

since realistically a defendant cannot know if a statement of a material State's witness covering the matters testified to at trial would be material and favorable to his defense, *Brady* [373 U.S. 83, 10 L. Ed. 2d 215] and *Agurs* [*United States v. Agurs*, 427 U.S. 97, 49 L. Ed. 2d 342 (1976)] require the judge to, at a minimum, order an *in camera* inspection and make appropriate findings of fact. As an additional measure, if the judge, after the *in camera* examination, rules against the defendant on his motion, the judge should order the sealed statement placed in the record for appellate review.

293 N.C. 105, 128, 235 S.E.2d 828, 842 (1977) (citing *State v. Chavis*, 24 N.C. App. 148, 176-84, 210 S.E.2d 555, 574-78 (1974)).

On appeal, the appellate court is required to examine the sealed records to determine whether they contain information that is favorable and material to an accused's guilt or punishment. *Ritchie*, 480 U.S. at 57, 94 L. Ed. 2d at 57 (citations omitted). " 'Favorable' evidence includes evidence which tends to exculpate the accused, as well as 'any evidence adversely affecting the credibility of the government's witnesses.' " *State v. McGill*, 141 N.C. App. 98, 102, 539 S.E.2d 351, 355 (2000) (quoting *U.S. v. Trevino*, 89 F.3d 187, 189 (4th Cir. 1996)). Evidence " 'is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Ritchie*, 480 U.S. at 57, 94 L. Ed. 2d at 57 (quoting *U.S. v. Bagley*, 473 U.S. 667, 682, 87 L. Ed. 2d 481, 494 (1985)).

A defendant "is not entitled to a new trial based on trial errors unless such errors were material and prejudicial." *State v. Alston*, 307 N.C. 321, 339, 298 S.E.2d 631, 644 (1983). A constitutional rights violation is prejudicial unless this Court "finds that it was harmless beyond a reasonable doubt." N.C. Gen. Stat. § 15A-1443(b) (2003).

Here, the trial court reviewed the victims' juvenile records upon defendant's motion and determined there was nothing defendant was "entitled to see." Under *Ritchie* and *Hardy*, this Court thoroughly reviewed the juvenile files for both victims provided in the record. The record included medical examination reports, DSS progress updates, evaluations by social workers, updates from foster homes, status reports from Falcon Children's Home, and legal documentation regarding the victims' removal from their father's custody.

We conclude the trial court properly withheld the files from defendant. They do not contain information material to defendant's case and no "reasonable probability" exists that "the result of the proceeding would have been different." *Bagley*, 473 U.S. at 682, 87 L. Ed. 2d at 494. The documentation further corroborated the facts of the case. This assignment of error is overruled.

## IX.  Motions to Dismiss

[7] Defendant contends the trial court erred in denying his motions to dismiss for insufficiency of the evidence. We disagree.

The standard of review for a motion to dismiss in a criminal trial is, "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element

of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993) (quoting *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980)).

Evidence is substantial if it is relevant and adequate to convince a reasonable mind to accept a conclusion. *State v. Vick*, 341 N.C. 569, 583-84, 461 S.E.2d 655, 663 (1995) (citing *State v. Vause*, 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991)). If substantial evidence, whether direct, circumstantial, or both, supports a finding that the offense charged has been committed and that the defendant committed it, the motion to dismiss should be denied and the case goes to the jury. *State v. Williams*, 319 N.C. 73, 79, 352 S.E.2d 428, 432 (1987) (quoting *State v. Young*, 312 N.C. 669, 680, 325 S.E.2d 181, 188 (1985)). But, "if the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion should be allowed." *Powell*, 299 N.C. at 98, 261 S.E.2d at 117 (citations omitted).

In considering a motion to dismiss, the trial court must analyze the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference from the evidence. *State v. Gibson*, 342 N.C. 142, 150, 463 S.E.2d 193, 199 (1995). The trial court must also resolve any contradictions in the evidence in the State's favor. *State v. Lucas*, 353 N.C. 568, 581, 548 S.E.2d 712, 721 (2001). The trial court does not weigh the evidence, consider evidence unfavorable to the State, or determine any witnesses' credibility. *Id.* It is concerned "only with the sufficiency of the evidence to carry the case to the jury." *State v. Lowery*, 309 N.C. 763, 766, 309 S.E.2d 232, 236 (1983). Ultimately, the court must decide whether a reasonable inference of defendant's guilt may be drawn from the circumstances. *Powell*, 299 N.C. at 99, 261 S.E.2d at 117.

The jury found defendant to be guilty of three crimes. The first two were the statutory rape and the sexual offense of Jo.P. North Carolina defines these two crimes as "vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person, except when the defendant is lawfully married to the person." N.C. Gen. Stat. § 14-27.7A(a) (2003). The record indicates that Jo.P. was fourteen years old, defendant was thirty-six years old, and they were not lawfully married at the time of the incident. Further evidence in the case, considered in the light most favorable to the State, tended to show

defendant forced Jo.P. to engage in vaginal and anal intercourse. This evidence was based on Jo.P.'s testimony, corroborative testimony by the State's witnesses, and physical evidence.

Third, defendant was convicted of taking indecent liberties with a minor, Je.P. The elements are: (1) the defendant was at least 16 years of age; (2) he was five years older than his victim; (3) he willfully took or attempted to take an indecent liberty with the victim; (4) the victim was under 16 years of age at the time the alleged act or attempted act occurred; and (5) the action by the defendant was for the purpose of arousing or gratifying sexual desire. *State v. Rhodes*, 321 N.C. 102, 104-05, 361 S.E.2d 578, 579 (1987) (citing *State v. Hicks*, 79 N.C. App. 599, 339 S.E.2d 806 (1986)); N.C. Gen. Stat. § 14-202.1(a) (2003).

At the time of the alleged incident, Je.P. was twelve and defendant was over the age of sixteen and at least five years older than Je.P. Additional evidence considered in the light most favorable to the State showed Je.P. awoke after passing out to find defendant on top of her. Both Je.P.'s and defendant's pants and underwear were pulled down. Je.P. later experienced pain in her vaginal and anal areas. Dr. Cooper determined from a medical exam that Je.P. was both physically and mentally injured by nonconsensual sexual abuse.

Defendant contends the victims' and the corroborative testimonies are contradictory and lack credibility. Our Supreme Court has held that the credibility of and the weight given to a witness's testimony is determined by the jury, not the court. *State v. Upright*, 72 N.C. App. 94, 100, 323 S.E.2d 479, 484 (1984), *cert. denied*, 313 N.C. 610, 332 S.E.2d 82 (1985); *see also State v. Miller*, 270 N.C. 726, 730-31, 154 S.E.2d 902, 904-05 (1967). Contradictions and inconsistencies are credibility factors the jury considers and are not grounds for dismissal. *State v. Benson*, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992) (quoting *State v. Earnhardt*, 307 N.C. 62, 67, 296 S.E.2d 649, 652 (1982)). Defendant was provided the opportunity and attempted to impeach witnesses through cross-examination, his testimony, and the testimony of his witnesses.

We hold that the State presented sufficient evidence that defendant committed statutory rape and sexual offense against Jo.P. and took indecent liberties with a minor, Je.P., to withstand defendant's motions to dismiss. The record and transcripts are replete with substantial evidence to warrant consideration of the charges by the jury. The jury has the ultimate responsibility of determining

the credibility of and weight given to the evidence. This assignment of error is overruled.

## X. Conclusion

The trial court did not err in: (1) allowing C.W. and N.W. to testify about past sexual abuse by defendant; (2) permitting Investigator Morley to testify that Jo.P. and Je.P.'s in-court testimony was consistent with their previous statements to him; (3) not allowing defendant to gain complete access to the victims' juvenile records; and (4) denying defendant's motions to dismiss the charges for insufficiency of the evidence. Defendant did not suffer prejudicial error by the trial court allowing: (1) Dr. Cooper to testify that she did not believe the victims' conspired to testify against defendant; and (2) the State to ask Murray about defendant's prior convictions. Defendant received a fair trial free from prejudicial errors he assigned and argued.

No prejudicial error.

Judges TIMMONS-GOODSON and GEER concur.