STATE OF NORTH CAROLINA v. SAMUEL EUGENE ELLIS, JR., Defendant

No. COA07-142

(Filed 19 February 2008)

**1. Search and Seizure— motion to suppress—probable cause—totality of circumstances—sexually explicit instant message conversations with officers posing as minor children**

   The trial court did not err in a first-degree sexual exploitation of a minor and statutory rape case by denying defendant's motion to suppress all evidence seized as a result of a search warrant for defendant's computer, including sexually explicit instant message conversations between defendant and police officers posing as a twelve-year-old girl, and a video that defendant transmitted to one of the undercover officers of defendant masturbating while continuing to IM chat with the detective who defendant believed to be a twelve-year-old girl, because a totality of the circumstances review revealed that: (1) although defendant contends there was no probable cause to believe he violated or attempted to violate N.C.G.S. § 14-202.1 and former N.C.G.S. § 14-202.3 when

**STATE v. ELLIS**

[188 N.C. App. 820 (2008)]

there was no minor child involved based on an officer playing the role of a minor child, the warrant application did not provide a definitive statement as to whether defendant violated the statute but instead was a statement of a Special Agent's belief that defendant violated the statute; (2) great deference should be paid to a magistrate's determination of probable cause and after-the-fact scrutiny should not take the form of a de novo review; and (3) setting aside defendant's assertion of factual impossibility, there was ample evidence in the warrant application to support a finding of probable cause including the number, detail, and content of instant messages between defendant and individuals who defendant believed were children suggesting that he engaged in this behavior on a regular basis, that the conversations with law enforcement personnel were not the only conversations that he had, and defendant also admitted during those conversations that he had penetrated children with his penis.

2. **Search and Seizure— warrant application—attempted indecent liberties with children—attempted solicitation of minor**

The trial court did not err in a first-degree sexual exploitation of a minor and statutory rape case by concluding that the warrant application contained evidence of attempted indecent liberties with children or attempted solicitation of a minor because: (1) in regard to conclusion of law number six, the evidence proffered by the Special Agent showed defendant committed the inchoate crime of attempt since defendant had the specific intent to take immoral, improper, or indecent liberties with a child he believed to be twelve years old by sending her a video of himself masturbating and inviting her to do the same, but an essential element of the crime, the child's age, was missing, causing defendant to fall short of completing the offense; and (2) in regard to conclusion of law number four, the evidence showed that defendant had the specific intent to entice eleven- and twelve-year-old children by means of a computer to meet him for the purpose of committing an unlawful sex act, and the legislature merely increased the severity of the crime by making attempted computer solicitation a felony instead of creating a new crime of attempt.

Appeal by defendant from judgment entered 17 August 2006 by Judge Knox V. Jenkins, Jr., in Johnston County Superior Court. Heard in the Court of Appeals 29 October 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Charles E. Reece, for the State.*

*Mark Montgomery for defendant.*

ELMORE, Judge.

Samuel Eugene Ellis, Jr. (defendant), pled guilty to one count of first degree sexual exploitation of a minor and one count of statutory rape on 17 August 2006, pursuant to a plea agreement. Defendant was sentenced to a minimum term of 300 months and a maximum term of 369 months in the custody of the Department of Corrections. Defendant now appeals.

Defendant was charged with the rape and sexual exploitation of his stepdaughter. Police obtained a search warrant for the search of defendant's computer. The search warrant application included instant message conversations between defendant and police officers posing as a twelve-year-old girl. The exchanges included sexually explicit language, a statement that defendant had "been with" an eleven-year-old girl, a statement that defendant was "looking for a young girl who is looking to be with an older man in a real life relationship," and a request to meet in person. The application also described a video that defendant transmitted to one of the undercover officers. "In the video, the suspect was described as masturbating, while continuing to IM chat with" the detective, who defendant believed to be a twelve-year-old girl.

Defendant filed a motion to suppress all evidence seized as a result of the search warrant. The trial court denied the motion, which defendant contends was error. He argued then as he argues now that there was no probable cause to support the search warrant because the "warrant alleged that the defendant did unlawfully, willfully and feloniously take and attempt to take immoral, improper, and indecent liberties with MEGHAN, AGE 12, who was under the age of 16 years at the time, for the purpose of arousing and gratifying sexual desire." Defendant reasons that no such twelve-year-old exists because the "role" of Meghan was played by police officers who were not minor children, and thus "there is no minor child and a key element of this offense is lacking."

[1] On appeal, defendant argues that the trial court erred by denying his motion to suppress. Defendant contends that there was no probable cause to believe that defendant violated or attempted to vio-

late N.C. Gen. Stat. § 14-202.1 and former N.C. Gen. Stat. § 14-202.3. We disagree.

"In reviewing the trial court's order following a motion to suppress, we are bound by the trial court's findings of fact if such findings are supported by competent evidence in the record; but the conclusions of law are fully reviewable on appeal." *State v. Smith*, 346 N.C. 794, 797, 488 S.E.2d 210, 212 (1997). We employ a totality of the circumstances analysis to review the affidavit and warrant. *Illinois v. Gates*, 462 U.S. 213, 238, 76 L. Ed. 2d 527, 548 (1983) (citations omitted).

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

*Id.* at 238-39, 76 L. Ed. 2d at 548 (citations, quotations, and alterations omitted). "In adhering to this standard of review, we are cognizant that great deference should be paid to a magistrate's determination of probable cause and that after-the-fact scrutiny should not take the form of a *de novo* review." *State v. Dexter*, 186 N.C. App. 587, 592, 651 S.E.2d 900, 904 (2007) (citations, quotations, and alterations omitted).

Defendant repeatedly asserts that the warrant application alleges that defendant violated or attempted to violate the law. Having reviewed that warrant application, we cannot agree. The application does not state that defendant violated or attempted to violate any of the statutes. The application was drafted by SBI Special Agent E. Michael Smith and was approved by a magistrate on 18 November 2004. It recounts, over twenty disturbing pages, instant message conversations between defendant and various adults, most of whom were posing as children. On page twenty-one, we find the following language:

> 23. Based on the foregoing, there is probable cause to believe that suspect, Samuel Eugene Ellis, Jr.'s residence located at . . ., contains a computer; and that [defendant] has used the computer to take indecent liberties with a minor,

and attempted to solicit a child by computer with the intent to commit an unlawful sex act.

It appears that defendant misread the above paragraph because he states in his brief that the paragraph is a statement that defendant "had in fact violated [the statute] by transmitting the video." Clearly, the paragraph is not a definitive statement as to whether defendant violated the statute, but instead is a statement of Special Agent Smith's belief that defendant violated the statute.

Setting aside defendant's assertions of factual impossibility, there was ample evidence in the warrant application to support a finding of probable cause. The application contained numerous sexually explicit instant message conversations between defendant and individuals who defendant believed were children, in which he asked to meet the "children" to engage in sexual conduct, and states that he transmitted a video of himself masturbating. In one conversation with an individual who defendant believed to be the adult mother of a five-year-old, defendant discussed the best way to ease the "mother" into having sexual contact with the daughter, including having the daughter watch the "mother" masturbate, and then initiating "oral and touching" with the daughter. Defendant suggested that he could participate in the "oral" contact. During that same conversation, he told the "mother" that another mother had allowed him to penetrate her seven-year-old daughter. Defendant assured the "mother" that she would not mentally damage her daughter so long as the relationship "is handled in a loving and caring way, not a mean, forceful or violent manner."

Based on the evidence in the warrant application, the magistrate had reasonable cause to believe that there was a "fair probability that contraband or evidence of a crime" would be found in defendant's home. *State v. Arrington*, 311 N.C. 633, 638, 319 S.E.2d 254, 258 (1984). "Probable cause does not mean actual and positive cause nor import absolute certainty." *Id.* at 636, 319 S.E.2d at 256 (citations omitted). Indeed, "[i]t must be remembered that the object of search warrants is to obtain evidence—if it were already available there would be no reason to seek their issuance." *State v. Bullard*, 267 N.C. 599, 601, 148 S.E.2d 565, 567 (1966). The number, detail, and content of defendant's instant messages suggested that he engaged in this behavior on a regular basis, and that the conversations with law enforcement personnel were not the only conversations that he had. He also admitted during those conversations that he had penetrated children with his penis. We hold that the information provided in

the warrant application was sufficient to support a finding of probable cause.

**[2]** Although we need not reach this issue to adjudicate this case, for the sake of completeness we address defendant's argument that the warrant application contained no evidence of attempted indecent liberties with children or attempted solicitation of a minor.

Defendant argues that the trial court erred in its conclusion of law no. 6, which states, "The suspect's act, as described in Agent Smith's affidavit, of transmitting a video image of him masturbating to an undercover police officer posing as a child constitutes an attempted violation of N.C.G.S. 124-202.1. See, e.g., *State . v. Strickland*, 77 N.C. App. 454 (1985)." Defendant argues that the warrant application contains no evidence of an attempted violation of N.C. Gen. Stat. § 14-202.1. We disagree.

Our Supreme Court has held that

> [W]hen a defendant has the specific intent to commit a crime and under the circumstances as he reasonably saw them did the acts necessary to consummate the substantive offense, but, because of facts unknown to him essential elements of the substantive offense were lacking, he may be convicted of an attempt to commit the crime.

*State v. Hageman*, 307 N.C. 1, 13, 296 S.E.2d 433, 441 (1982). "The elements of an attempt to commit a crime are: (1) the intent to commit the substantive offense, and (2) an overt act done for that purpose which goes beyond mere preparation, but (3) falls short of the completed offense." *State v. Coble*, 351 N.C. 448, 449, 527 S.E.2d 45, 46 (2000) (citations and quotations omitted).

N.C. Gen. Stat. § 14-202.1 states, in relevant part, that

> (a)  A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he . . .

> (1)  Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire[.]

N.C. Gen. Stat. § 14-202.1(a)(1) (2005). This Court has previously held that an adult masturbating in front of children and inviting them

to masturbate along with him constitutes an indecent, immoral, or improper liberty with a child for the purpose of gratifying sexual desire. *State v. Strickland*, 77 N.C. App. 454, 456, 335 S.E.2d 74, 75 (1985).

In this case, the evidence provided by Special Agent Smith in his warrant application shows that defendant had the specific intent to take immoral, improper, or indecent liberties with a child he believed to be twelve years old by sending her a video of himself masturbating and inviting her to do the same. An essential element of the crime, the child's age, is missing, causing defendant to fall short of completing the offense. However, the evidence proffered is sufficient to show that defendant committed the inchoate crime of attempt.

We move now to conclusion of law no. 4, that defendant's "conduct described in [the warrant application] constitutes an attempted violation of former N.C.G.S. 14-202.3." Former N.C. Gen. Stat. § 14-202.3 is a Class I felony and states, in relevant part:

A person is guilty of solicitation of a child by a computer if the person is 16 years of age or older and the person knowingly, with the intent to commit an unlawful sex act, entices, advises, coerces, orders, or commands, by means of a computer, a child who is less than 16 years of age and at least 3 years younger than the defendant, to meet with the defendant or any other person for the purpose of committing an unlawful sex act.

N.C. Gen. Stat. § 14-202.3(a) (2001). Again, if we apply the law of attempt as summarized by our Supreme Court in *Hageman*, we find that the warrant application provides sufficient evidence to show that defendant had the specific intent to entice eleven- and twelve-year-old children, by means of a computer, to meet him for the purpose of committing an unlawful sex act.

Defendant argues that the statute's subsequent amendment "also making it a felony criminal offense to solicit a person the predator believes to be a child to commit unlawful sex acts"[1] somehow proves that the older version of the statute cannot apply to "a citizen who communicates with an adult believed to be a child." Attempting to commit a Class I felony is a Class 1 misdemeanor. N.C. Gen. Stat. § 14-2.5 (2005). By also making attempted computer solicitation a felony, the legislature merely increased the severity of the crime; it did not create the new crime of attempt.

---

1. This language is taken from the title of S.L. 2005-121, which amended N.C. Gen. Stat. § 14-202.3.

We hold that the trial court did not err by denying defendant's motion to suppress.

Affirmed.

Chief Judge MARTIN and Judge McCULLOUGH concur.