**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4896**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

WARSHAHENNEDIGE ANTON RAJ NISHANTHA FERNANDO,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
District Judge.  (1:07-cr-00038-NCT)

Submitted:  August 14, 2008         Decided:  September 5, 2008

Before MOTZ and GREGORY, Circuit Judges, and WILKINS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Donald K. Tisdale, Sr., Christopher R. Clifton, GRACE TISDALE &
CLIFTON, P.A., Winston-Salem, North Carolina, for Appellant. Anna
Mills Wagoner, United States Attorney, Michael A. DeFranco,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Warshahennedige Anton Raj Nishantha Fernando ("Fernando") appeals his convictions following a jury trial and his sentence for using interstate commerce to coerce or entice a minor to engage in illegal sexual activity,[1] in violation of 18 U.S.C.A. § 2422(b) (West 2000 & Supp. 2008), and attempting to transfer obscene material to a minor under the age of 16, in violation of 18 U.S.C. § 1470 (2000). He claims the district court erred in denying his Fed. R. Crim. P. 29 motion for acquittal. He also challenges certain instructions and contends that his 120-month statutorily mandated sentence is unreasonable. We affirm.

The evidence at trial established that in August 2006, Fernando, who was forty-two and identified himself using the screen name "thicktoolngso," began chatting on the internet with "kimmie14fun" ("Kimmie"), an undercover officer posing as a fourteen-year-old girl. During the span of approximately a week, Fernando initiated four on-line conversations with Kimmie. Fernando brought up sexually explicit topics and electronically sent Kimmie a picture of himself holding his erect penis. Fernando told Kimmie he wanted to meet her in person, and Kimmie agreed to meet him in front of a Borders Bookstore.

[1]Specifically, the indictment alleged that the sexual activity would violate N.C. Gen. Stat. § 14-202.1 (2007), prohibiting taking indecent liberties with a minor.

Fernando was arrested at the arranged meeting place and admitted what he had done to police. At trial, Fernando maintained that he thought Kimmie was at least twenty-five and that, although he pursued sexual conversations with her, he came to meet her merely because he was "curious" to see who she was.

Fernando argues that the district court erred in denying his Rule 29 motion for acquittal. He contends that he could not be convicted of violating § 2422(b) because he interacted with an adult, not a minor. This court reviews de novo the denial of a Rule 29 motion for acquittal, viewing the evidence in the light most favorable to the Government. <u>United States v. Alerre</u>, 430 F.3d 681, 693 (4th Cir. 2005).

Under § 2422(b), it is unlawful for a person, "using . . . any facility or means of interstate . . . commerce . . . [to] knowingly persuade[], induce[], entice[], or coerce[] any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempt[] to do so . . . ." <u>See</u> 18 U.S.C.A. § 2422(b). To obtain a conviction under § 2422(b), then, the Government also had to establish that the sexual activity Fernando sought to engage in would violate N.C. Gen. Stat. § 14-202.1

(2007), which makes it unlawful for an individual to take indecent liberties with a child under the age of sixteen.[2]

In State v. Ellis, 657 S.E.2d 51 (N.C. App. 2008), the North Carolina Court of Appeals determined that, under state law, indecent interaction with an adult undercover officer may constitute the crime of attempted indecent liberties with a child, where the defendant believed the victim to be the requisite age. Ellis, 657 S.E.2d at 54-55.[3] This court also recently upheld a conviction under 18 U.S.C.A. § 2423(b) (West 2000 & Supp. 2008) (prohibiting traveling in interstate commerce "for the purpose of engaging in illicit sexual conduct" with a minor) where, although the defendant believed he was arranging to meet a twelve-year-old girl through an intermediary, no actual minor was placed at risk. United States v. Kelly, 510 F.3d 433, 441 (4th Cir. 2007), cert.

---

[2]To obtain a conviction for indecent liberties under N.C. Gen. Stat. § 14-202.1, the State is required to prove the following elements: "(1) the defendant was at least 16 years of age; (2) he was five years older than his victim; (3) he willfully took or attempted to take an indecent liberty with the victim; (4) the victim was under 16 years of age at the time the alleged act or attempted act occurred; and (5) the action by the defendant was for the purpose of arousing or gratifying sexual desire." State v. Thaggard, 608 S.E.2d 774, 786-87 (N.C. App. 2005).

[3]In addition, several circuits that have considered the impossibility defense to charges of unlawful sexual acts involving a minor have uniformly rejected the argument that an actual child must be placed at risk to secure a conviction under § 2422(b). See, e.g., United States v. Helder, 452 F.3d 751, 753-56 (8th Cir. 2006); United States v. Sims, 428 F.3d 945, 959-60 (10th Cir. 2005); United States v. Meek, 366 F.3d 705, 717-20 (9th Cir. 2004); United States v. Root, 296 F.3d 1222, 1227 (11th Cir. 2002); United States v. Farner, 251 F.3d 510, 512-13 (5th Cir. 2001).

denied, 128 S. Ct. 1917 (2008). This court rejected the argument that an actual minor must be involved to secure a conviction under § 2423(b), concluding, "[t]his sensible result follows from the clear language of the statute, under which a conviction 'turns simply on the illegal purpose for which [the defendant] traveled.'" Kelly, 510 F.3d at 441 (quoting Root, 296 F.3d at 1231). Accordingly, we conclude that the district court did not err in denying Fernando's motion for judgment of acquittal based on impossibility.

Fernando challenges the jury instructions in two respects. He first argues that the district court failed to "adequately explain" N.C. Gen Stat. § 14-201.1 (taking indecent liberties with children). Fernando did not object to this instruction below, and identifies no specific error on appeal. The instruction included the elements of § 14-202.1 as described in the statute and in North Carolina caselaw. We conclude there was no error, plain or otherwise. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993).[4]

Fernando further suggests that it was error for the district court to omit an instruction on entrapment. However,

---

[4]To the extent Fernando claims that violation of the North Carolina statute requires that the defendant must be in the presence (actual or constructive) of a minor, his argument is unavailing. Fernando was convicted of violating § 2422(b), which requires the Government to establish that he persuaded or enticed a minor to commit illegal sexual activity, or attempted to do so.

Fernando expressly declined to seek such an instruction below. Even if this claim had been properly preserved for appellate review and presented on appeal, the evidence did not support an entrapment instruction. See United States v. Harrison, 37 F.3d 133, 136 (4th Cir. 1994) ("[W]hen government agents merely offer an opportunity to commit the crime and the defendant promptly avails himself of that opportunity, an entrapment instruction is not warranted.").

Finally, while recognizing the "mandatory nature" of his sentence, Fernando argues that his 120-month statutorily mandated minimum sentence is unreasonable. This court reviews a district court's sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). When sentencing a defendant, a district court must: (1) properly calculate the Guidelines range; (2) determine whether a sentence within that range serves the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence. Pauley, 511 F.3d at 473. In the Fourth Circuit, "[a] sentence within the proper Sentencing Guidelines range is presumptively reasonable." United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for a within-Guidelines sentence). Absent a motion for substantial

assistance, a district court lacks authority to impose a sentence below the statutory mandatory minimum.  See United States v. Allen, 450 F.3d 565, 568-69 (4th Cir. 2006).  Here, the district court followed the necessary procedural steps in sentencing Fernando.  It properly calculated the Guidelines range and considered the § 3553(a) factors before sentencing Fernando to the statutory mandatory minimum.  The district court thus did not abuse its discretion in imposing the 120-month sentence.

Accordingly, we affirm Fernando's convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED