STATE v. SMITH

[96 N.C. App. 352 (1989)]

STATE OF NORTH CAROLINA v. WILLIE EDWELL SMITH

No. 8911SC211

(Filed 21 November 1989)

**Criminal Law §§ 412, 419 (NCI4th)— opening argument—reference to prior conviction—motion for mistrial untimely**

> The trial court properly denied defendant's motion for a mistrial in an arson prosecution where the prosecutor referred to a prior conviction in the opening remarks but defendant did not raise the issue until after closing arguments had been made, after the court had instructed the jury, and after the jury had retired for deliberations. The court denied the motion, gave a curative instruction to the jury, and then asked the jury whether it could follow the curative instructions. N.C.G.S. § 15A-1446.

**Am Jur 2d, Trial §§ 208, 210.**

APPEAL by defendant from *Barnette, Henry V., Jr., Judge.* Judgment entered 28 October 1988 in HARNETT County Superior Court. Heard in the Court of Appeals 10 October 1989.

On 22 August 1988, bills of indictment were returned against defendant charging one count of first-degree arson in violation of G.S. § 14-58 and one count of second-degree arson, also in violation of G.S. § 14-58. The charges were joined for trial.

The evidence at trial tended to establish that at about 2:00 a.m. on 4 July 1988, a fire occurred at the residence of defendant's parents. The residence was occupied by defendant's father. The fire department was dispatched to the fire at 2:21 a.m. and extinguished the flames within twenty minutes. Defendant's father escaped unharmed. An investigation determined that the fire had been deliberately set in two separate places, the den and the back porch.

The next day, at approximately 7:45 p.m., the fire department was again called to the residence, this time to extinguish a fire in the upstairs bedroom. An investigation determined that this second fire had been deliberately set on the bed of defendant's father. Defendant was observed at the scene and appeared to be happy. He jumped up and down, saying, "it's burning."

Defendant and his parents had had a dispute regarding ownership of the house. Two days before the first fire, defendant told his sister that, "[I]f he could not have the house . . . nobody would."

The jury found defendant guilty of first-degree arson and guilty of burning an uninhabitable house. Pursuant to the sentencing hearing, the court found one factor in aggravation, one factor in mitigation, and that the former outweighed the latter. A sentence of thirty years' imprisonment was imposed.

From the judgment entered upon the jury's verdicts of guilty, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Richard L. Griffin, for the State.*

*Neill McK. Ross for defendant-appellant.*

WELLS, Judge.

We note at the outset that defendant did not discuss his second assignment of error in the brief. Therefore, it is deemed abandoned. N.C. R. App. P., Rule 28(a).

By his remaining assignment of error, defendant challenges the court's denial of his motion for mistrial. For the reasons discussed below, we conclude that defendant has failed to preserve this issue for review.

To place this issue in the proper context, the record discloses that the following sequence of events occurred at trial.

Opening statements to the jury were made on the afternoon of 26 October 1988. In the State's opening statement, these remarks were made in reference to defendant's prior conviction:

> You'll hear from State Trooper Terry McLeod, who lives in the same neighborhood the defendant does. State Trooper McLeod will tell you he was building a house and his house burned. You will receive a certified judgment from this Court showing where the defendant pled guilty to setting Trooper McLeod's house on fire.

No objection was made to these remarks, and no curative instruction was requested. Defendant instead proceeded with his own opening statement. At the conclusion of opening statements, the proceedings were recessed overnight.

When the court reconvened the next morning, defendant, out of the jury's presence, addressed the court with respect to his prior conviction as follows:

> *[W]hen the evidence is offered, . . . since the district attorney indicated that he intended to offer it,* I would object . . . . I would move to suppress that evidence now[.]

(Emphasis added.) The court reserved ruling on this motion. Defendant did not at this time object to the content of the State's opening remarks pertaining to his prior conviction, and no further motion was made.

Later in the trial, after extensive *voir dire,* the court granted defendant's motion to suppress the evidence of his prior conviction. Defendant again made no motion at this time with respect to the State's remarks in its opening statement.

After all the evidence had been presented, after closing arguments had been made, after the court had instructed the jury, and after the jury had retired for deliberation, defendant—for the first time—raised the issue of the content of the State's opening remarks pertaining to his prior conviction in a motion for mistrial. The ensuing discussion on the record as to the merits of defendant's motion clearly evidences confusion on the part of all concerned, both as to the content of the State's questioned opening remarks and as to whether defendant had, in fact, objected to them at their making.

Following an overnight recess, the court denied the motion and gave a curative instruction to the jury, before it resumed deliberations, to disregard any remarks by the State in its opening statement pertaining to a prior conviction. The court then took the further precaution of asking the jury whether it could follow the curative instructions. By a show of hands, all twelve jurors responded in the affirmative.

The requisites for preserving the right to appellate review of alleged errors in a criminal trial are set forth at N.C. Gen. Stat. § 15A-1446 (1988). That statute provides, in pertinent part, that error

> (a) . . . may not be asserted upon appellate review unless the error has been brought to the attention of the trial court *by appropriate and timely* objection or motion[.]

STATE v. SMITH

[96 N.C. App. 352 (1989)]

(b) Failure to make an appropriate and timely motion or objection constitutes a waiver of the right to assert the alleged error upon appeal[.]

(Emphasis added.) The sound rationale which undergirds this requirement is the recognized need that alleged errors in the trial "[be] made clear to the trial judge, at some time *sufficiently close to the occurrence of the error[s] to permit [their] correction." Id., Official Commentary* (emphasis added). This is not merely a matter of judicial economy. Rather, it is a crucial means of ensuring that trials are conducted free from the taint of prejudice. This is particularly true in the context of a motion for mistrial, the very purpose of which is to provide a remedy where "substantial and irreparable prejudice" results from error in the proceedings. N.C. Gen. Stat. §§ 15A-1061, -1062.

The sequence of events in this case is illustrative of precisely the kind of circumstances which the timeliness requirement of G.S. § 15A-1446 was instituted to avoid. Assuming *arguendo* that the State's comment in its opening remarks regarding defendant's prior conviction was inappropriate, it was incumbent upon defendant to timely bring the alleged error to the attention of the court. By failing to do so, defendant deprived the court of the opportunity to appropriately rectify the alleged error, deprived the State of the opportunity to take the proper measures to correct its alleged error, and—most importantly—deprived the jury of the opportunity to hear the evidence, from the beginning, in the clear light of a trial unclouded by the alleged error. The plain language of G.S. § 15A-1446 does not permit defendant to raise on appeal the denial of his eleventh-hour motion for mistrial.

No error.

Judges JOHNSON and ORR concur.