STATE OF NORTH CAROLINA v. JASPER KALVEN SUMMERS

No. COA05-1248

(Filed 6 June 2006)

**1. Appeal and Error— preservation of issues—failure to make timely objection**

Although defendant contends the trial court erred in a first-degree rape, attempted first-degree rape, triple first-degree sexual offense, attempted robbery with a dangerous weapon and first-degree kidnapping case by denying defendant's motion for a mistrial even though he contends the evidence of identification was so thoroughly tainted and defendant was prejudiced by his inability to properly present a defense, defendant failed to properly preserve this issue for review, because: (1) defense counsel knew about the alleged improper photo line-up prior to the victim's related testimony, but raised no objection when the victim testified about the photo line-up and instead waited until the testimony of an additional witness before objecting and moving for a mistrial; and (2) based on these facts, defendant failed to make a timely objection.

**2. Evidence— prior crimes or bad acts—common plan or scheme**

The trial court did not abuse its discretion in a first-degree rape, attempted first-degree rape, triple first-degree sexual offense, attempted robbery with a dangerous weapon and first-degree kidnapping case by admitting the testimony of a State's witness that she had also been attacked by defendant even though defendant contends the evidence was not sufficiently similar and was introduced for allegedly improper reasons, because: (1) the two attacks were sufficiently similar and not too remote in time as to logically establish a common plan or scheme to commit the offense charged; and

(2) the testimony did not violate N.C.G.S. § 8C-1, Rule 403 since it did not have an undue tendency to suggest a decision on an improper basis when offered for the limited purpose of showing a common plan or scheme.

**3. Appeal and Error— appellate rules violations—failure to include standard of review**

Although defendant contends the trial court erred by entering a judgment as to three different sexual offenses even though the indictments for all three are identical and allegedly do not put defendant on notice of three different crimes, this assignment of error is dismissed because defendant violated N.C. R. App. P. 28(b)(6) by failing to include a standard of review.

**4. Appeal and Error— preservation of issues—failure to argue**

The remaining assignments of error that defendant failed to argue are deemed abandoned under N.C. R. App. P. 28(b)(6).

Appeal by defendant from judgments entered 13 December 2004 by Judge J. Gentry Caudill in Guilford County Superior Court. Heard in the Court of Appeals 13 April 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Leonard Green, for the State.*

*Richard E. Jester for defendant-appellant.*

CALABRIA, Judge.

Jasper Kalven Summers ("defendant") appeals from judgments entered upon jury verdicts finding him guilty of first degree rape, attempted first degree rape, three counts of first degree sexual offense, attempted robbery with a dangerous weapon, and first degree kidnapping. We find no error.

In the Fall of 1992, J.P.[1] (the "victim") was a student at the University of North Carolina at Greensboro. At about midnight on 05 November 1992, the victim drove her car to a laundry facility at her apartment complex to retrieve clothes she had left there to dry. While the victim was inside alone, defendant entered and asked her where he might find a telephone. The victim told him there might be one in the office around the corner, and defendant departed. Approximately one

---

1. We will use the victim's initials rather than her full name in order to protect her identity.

minute later, defendant returned, brandished a knife, and demanded that the victim give him money. The victim responded that she did not have any money on her person but that she had $12 in her car. At this point, defendant pressed the knife against the victim's throat and threatened her with death if she screamed. Defendant ordered the victim into her car, forcing her through the driver's side door into the passenger seat. Defendant then entered the driver's seat, and he ordered the victim to place her head below the dashboard, to start the car, and to put the car in gear. Defendant held the victim's head below the dashboard and drove a short distance.

After stopping the car, defendant reclined the driver's seat, unzipped his pants, and exposed his penis. Defendant held a knife to the victim's throat and ordered her to perform fellatio on him. The victim, frightened for her life, used her hands to arouse defendant. Defendant became agitated that the victim did not comply with his request, and he again ordered the victim to perform fellatio. The victim complied. While the victim performed fellatio, defendant rubbed his hand over her pubic area. Defendant subsequently stopped the victim, and she returned to a sitting position in the passenger seat. Defendant continued to threaten the victim with the knife, and he got on top of the victim, pulled her shorts and underwear aside, and unsuccessfully attempted to engage in intercourse with her. Still holding the knife, defendant again ordered the victim to perform fellatio, and the victim complied. At this point, defendant ordered the victim to remove her shorts and underwear. Defendant again got on top of the victim in the passenger seat, and he had sexual intercourse with her. Defendant then ordered the victim out of the car, and he drove away. The victim contacted the Greensboro Police Department ("Greensboro P.D."). Greensboro P.D. located the victim's car near the location of the assault; however, they could not locate defendant at that time.

About a month later, the victim saw defendant riding a bicycle on the street near where the assault had taken place; however, Greensboro P.D. was unable to locate him despite patrolling the area with the victim on several occasions. Subsequently, Greensboro P.D. showed the victim a photo line-up of males meeting defendant's description. Defendant's photo was not included in the photo line-up, and the victim reported that none of the pictures were the assailant. After failing to apprehend a suspect, Greensboro P.D. eventually closed its investigation.

In October 2003, Greensboro P.D. implemented a review of several old cases, incorporating the State Bureau of Investigation's ("S.B.I.") DNA database. Greensboro P.D. had maintained in evidence the shorts

the victim had been wearing the night of the attack, which were stained with semen. The shorts were sent to the SBI lab for analysis, and the SBI lab matched the DNA in the semen to defendant. Greensboro P.D. then obtained a search warrant, ordering defendant to provide a blood sample. The DNA in the blood and the semen matched, and an SBI expert testified that the DNA matched so closely that it was scientifically unreasonable to believe that the semen on the victim's shorts came from anyone other than defendant.

In May 2004, *The News & Record,* a newspaper published in Greensboro, intended to publish a story about the crime and defendant's arrest, and the newspaper planned on including defendant's picture in the report. Solely to reduce the victim's trauma in the event she saw the newspaper report, a Greensboro P.D. officer summoned the victim to the police department to show her the picture before she saw it in the report. Although the officer did not show the victim the picture for identification purposes, the victim stated that the man in the picture, defendant, was the man who attacked her.

The Grand Jury subsequently indicted defendant for first degree rape, attempted first degree rape, three counts of first degree sexual offense, armed robbery, and first degree kidnapping. On the date of trial, defendant's attorney, unaware that the victim had been shown defendant's picture in May, requested an identification line-up pursuant to N.C. Gen. Stat. § 15A-281 (2005). The District Attorney protested to a physical line-up due to the late date of the request but offered to conduct a photo line-up. The trial judge also expressed concern over the late request. Defense counsel agreed to the photo line-up, and the same picture that the victim had been shown in May 2004 was utilized in the line-up. The victim again identified defendant as her attacker. After the trial began but before the victim testified regarding the photo line-up, the State notified defense counsel that the victim had previously seen the same picture used in the line-up. Defense counsel made no objection to the use of the photo line-up in evidence at the time the State introduced it; however, defense counsel subsequently made a motion for a mistrial based upon the State's failure to disclose to defense counsel that the victim had previously seen the same picture used in the photo line-up. The trial judge denied the motion for a mistrial. Defense counsel then moved that all the evidence of the photo line-up be stricken from evidence as a sanction against the District Attorney for failing to comply with discovery rules. The trial court granted this motion.

The jury subsequently found defendant guilty of all charges. The trial court sentenced defendant in the aggravated range to consecutive

sentences in the North Carolina Department of Correction as follows: (1) life imprisonment for first degree rape and each of the three first degree sexual offenses, (2) 20 years imprisonment for attempted first degree rape, (3) 40 years imprisonment for attempted robbery with a dangerous weapon, and (4) 30 years for first degree kidnapping. Defendant appeals.

**[1]** Defendant initially argues that the trial court erred in denying his motion for mistrial because "the evidence of identification was so thoroughly tainted and the defendant was prejudiced by his inability to properly present his defense as to the identification[.]" We hold that this assignment of error has not been properly preserved for our review.

The North Carolina Rules of Appellate Procedure state, in pertinent part, "In order to preserve a question for appellate review, a party must have presented to the trial court *a timely request, objection, or motion*, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C. R. App. P. 10 (2006) (emphasis added). Additionally, N.C. Gen. Stat. § 15A-1446 (2005) states:

> (a) Except as provided in subsection (d), error may not be asserted upon appellate review unless the error has been brought to the attention of the trial court *by appropriate and timely objection or motion....*
>
> (b) Failure to make an appropriate and timely motion or objection *constitutes a waiver of the right to assert the alleged error upon appeal[.] ...*

We have held the "sound rationale which undergirds this requirement is the recognized need that alleged errors in the trial be made clear to the trial judge, at some time sufficiently close to the occurrence of the errors to permit their correction." *State v. Smith*, 96 N.C. App. 352, 355, 385 S.E.2d 808, 810 (1989) (citation and quotations omitted). The rule "is a crucial means of ensuring that trials are conducted free from the taint of prejudice. This is particularly true in the context of a motion for mistrial, the very purpose of which is to provide a remedy where 'substantial and irreparable prejudice' results from error in the proceedings." *Id.*

On the facts of this case, defense counsel knew about the improper photo line-up prior to the victim's related testimony; however, defense counsel raised no objection when the victim testified about the photo line-up. Rather, defense counsel waited until the testimony of an additional witness before objecting and moving for a mistrial. On these

facts, we hold defendant failed to make a timely objection, and his assignment of error relating to the trial court's failure to declare a mistrial has not been properly preserved for our review. *See State v. Hunt*, 324 N.C. 343, 355, 378 S.E.2d 754, 761 (1989) ("Failure to object when identification is made before the jury is a waiver of the right to have the propriety of that identification considered by the appellate court"); *Smith*, 96 N.C. App. at 355, 385 S.E.2d at 810 ("The plain language of G.S. § 15A-1446 does not permit defendant to raise on appeal the denial of his eleventh-hour motion for mistrial").

**[2]** Defendant next argues that the testimony of State witness J.G.[2] ("J.G.") was improperly admitted because the evidence "was not sufficiently similar and. . . . introduced for improper reasons" in violation of N.C. R. Evid. 404(b) (2005). Defendant also argues "the prejudicial effect of that evidence outweighed its probative value" under N.C. R. Evid. 403 (2005).

North Carolina Rule of Evidence 404(b) states,

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as . . . plan [and] identity[.]

N.C. R. Evid. 404(b) (2006).

In analyzing this rule, we have said,

[Rule 404(b)] is a clear general rule of inclusion of relevant evidence of other crimes . . . by a defendant, subject but to one exception requiring its exclusion if its only probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged.

*State v. Kennedy*, 130 N.C. App. 399, 403, 503 S.E.2d 133, 135 (1998). Additionally, our courts have been "markedly liberal in admitting evidence of similar sex offenses by a defendant for the purposes now enumerated in Rule 404(b) such as establishing the defendant's identity as the perpetrator of the crime charged." *State v. Bidgood*, 144 N.C. App. 267, 271, 550 S.E.2d 198, 201 (2001) (citations omitted). Two constraints govern admission of evidence under Rule 404(b): similarity and temporal proximity. *Id.* For the purposes of showing identity, "[u]nder Rule 404(b) a prior crime is similar to the one charged if some unusual facts or particularly similar acts are present in both which would indicate that both crimes were committed by the same person." *State v. Moore*,

---

2. We will use the witness's initials in order to protect her identity.

335 N.C. 567, 596, 440 S.E.2d 797, 813 (1994). For prior similar acts to be admissible, "[s]imilarities need not be bizarre or uncanny; they simply must 'tend to support a *reasonable* inference that the same person committed both the earlier and later acts.' " *State v. Murillo*, 349 N.C. 573, 593, 509 S.E.2d 752, 764 (1998). Moreover, "evidence of another crime is admissible to prove a common plan or scheme to commit the offense charged. But, the two acts must be sufficiently similar as to logically establish a common plan or scheme to commit the offense charged, not merely to show the defendant's character or propensity to commit a like crime." *State v. Willis*, 136 N.C. App. 820, 822-23, 526 S.E.2d 191, 193 (2000). "Remoteness in time [between the other crimes and the current charges] generally goes to the weight of the evidence not its admissibility." *State v. Harrington*, 171 N.C. App. 17, 31, 614 S.E.2d 337, 348 (2005) (citations omitted).

"Once the trial court determines evidence is properly admissible under Rule 404(b), it must still determine if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice" under Rule 403. *Bidgood*, 144 N.C. App. at 272, 550 S.E.2d at 202. North Carolina Rule of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of . . . unfair prejudice." In construing this rule, we have said, "[A]ll evidence favorable to the [State] will be, by definition, prejudicial to defendants. The test under Rule 403 is whether that prejudice to defendants is unfair." *Matthews v. James*, 88 N.C. App. 32, 39, 362 S.E.2d 594, 599 (1987). The term "unfair prejudice" means "an undue tendency to suggest decision on an improper basis[.]" *State v. DeLeonardo*, 315 N.C. 762, 772, 340 S.E.2d 350, 357 (1986).

We review a trial court's determination to admit evidence under N.C. R. Evid. 404(b) and 403, for an abuse of discretion. *State v. Aldridge*, 139 N.C. App. 706, 714, 534 S.E.2d 629, 635 (2000) (regarding the standard of review for Rule 404(b)); *State v. Mason*, 315 N.C. 724, 731, 340 S.E.2d 430, 435 (1986) (regarding the standard of review for Rule 403). An abuse of discretion occurs when a trial judge's ruling is "manifestly unsupported by reason." *State v. Riddick*, 315 N.C. 749, 756, 340 S.E.2d 55, 59 (1986) (citations omitted).

In the case *sub judice*, the trial judge conducted a *voir dire* hearing concerning J.G.'s testimony. J.G. testified that on one evening in January of 1993, sometime between 6:30 p.m. and 7:30 p.m., she was getting ready to leave her office, which was located in Greensboro. During this time period, J.G. was alone, and she was loading items into her car

when she saw a person, later identified as defendant, approaching her from the back corner of her building. Defendant, who had a pistol, grabbed J.G. around the upper portion of her body, and J.G. struggled to get away, beating on defendant's face and shoulders. During the attack, defendant struck J.G. with the pistol several times. J.G. testified that defendant then grabbed her around the waist, and as she struggled, she fell to the ground. While J.G. was on the ground, she began kicking defendant and was able to get up and run away. J.G. stopped another vehicle and told the driver she had been attacked. The vehicle took J.G. to a location where she called the police. Based on this and related testimony, the trial court made the following relevant findings of fact:

> That [J.G] has positively identified the defendant as the perpetrator of the crime against her and the defendant has in fact tendered a plea of guilty to that offense.

> That the offenses against [J.G.] and against [the victim] occurred in the limits of the City of Greensboro approximately three miles apart.

> That both attacks occurred in the evening hours and during the hours of darkness.

> That both victims were alone at the time that they were attacked.

> That the attacker was armed on each occurrence with a deadly weapon.

> That both victims were injured during the encounter with the attacker.

> That in both instances the victim's car was nearby the place of the attack and was involved in the attack.

> That both victims were similar in age and both were white females.

> In both instances, the attacker showed a high degree of determination to complete his plan with regard to the victims.

> That [the] attack on [J.G.] occurred approximately two months after the attack on [the victim].

The trial court then concluded that there was a reasonable inference the same person committed both crimes and the evidence was relevant to show plan, *modus operandi*, and identity.

Defendant argues that the facts of this case and the facts of J.G.'s case do not meet the similarity and temporal proximity requirements of

Rule 404(b) because: (1) the attack on J.P. was three miles away from where the attack on J.G. occurred; (2) the attack on J.P. occurred approximately four to five hours later in the evening than the attack on J.G.; (3) the weapon used in the attack on J.P. was a knife, but the weapon used in the attack on J.G. was a handgun; (4) J.P. was raped, but J.G. received only minor injuries; and (5) J.P. was inside a building when first accosted, but J.G. was near her car.

We need not address whether the evidence presented supports a reasonable inference that the same person committed both the earlier and later attacks in this case because we hold the trial court did not abuse its discretion in determining that the two attacks were sufficiently similar, and not too remote in time, as to logically establish a common plan or scheme to commit the offense charged. *See, e.g., State v. Williams*, 308 N.C. 357, 360, 302 S.E.2d 438, 440 (1983); *State v. Whitaker*, 103 N.C. App. 386, 388, 405 S.E.2d 911, 911 (1991).[3] Furthermore, the trial court did not abuse its discretion in admitting J.G.'s testimony over defendant's N.C. R. Evid. 403 objection since it did not have an undue tendency to suggest a decision on an improper basis when offered for the limited purpose of showing a common plan or scheme. *See State v. Chavis*, 141 N.C. App. 553, 565, 540 S.E.2d 404, 413 (2000). Accordingly, defendant's related assignments of error are without merit.

[3] Defendant also argues that "the trial court erred in entering a judgment as to three different sexual offenses when the indictments for all three are identical and do not put the defendant on notice of three different crimes." We decline to address this argument because defendant has violated the North Carolina Rules of Appellate Procedure by failing to include a standard of review.

The North Carolina Rules of Appellate Procedure state, in pertinent part,

The argument shall contain a concise statement of the applicable standard(s) of review for each question presented, which shall appear either at the beginning of the discussion of each question presented or under a separate heading placed before the beginning of the discussion of all the questions presented.

3. We also note, even assuming *arguendo* that the trial court erred, any error would be harmless given the victim's testimony identifying defendant as the perpetrator and the DNA evidence linking him to the crime. N.C. Gen. Stat. § 15A-1443(a) (2005); *State v. Gardner*, 316 N.C. 605, 613, 342 S.E.2d 872, 877 (1986).

IN RE D.H., C.H., B.M., C.H. III

[177 N.C. App. 700 (2006)]

N.C. R. App. P. 28(b)(6) (2006). Our Supreme Court added this language to Rule 28(b)(6) in August 2005, and the amendment became effective on 1 September 2005. Defendant's brief was filed on 8 November 2005, after the effective date. Yet, although defendant includes a section entitled "Standard of Review" at the beginning of the question presented, defendant fails to state the applicable standard of review related to the question of the sufficiency of the indictments. Likewise, defendant does not include this standard of review in a separate heading before the beginning of the discussion of all questions presented. Indeed, defendant does not state the applicable standard of review in any portion of his brief. Since defendant failed to brief the applicable standard of review, we do not address this assignment of error. *See Munn v. N.C. State Univ.*, 360 N.C. 353, 626 S.E.2d 270 (2006), *rev'g per curiam* for the reasons in 173 N.C. App. 144, 617 S.E.2d 335 (2005) (Jackson, J. dissenting) (stating that dismissal for rule violations is warranted "even though such violations neither impede our comprehension of the issues nor frustrate the appellate process" (citations omitted)); *Viar v. N.C. Dep't. of Transp.*, 359 N.C. 400, 401, 610 S.E.2d 360, 361 (2005).

[4] Defendant has failed to argue his remaining assignments of error, and we deem them abandoned pursuant to N.C. R. App. P. 28 (b)(6) (2006) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned").

No error.

Judges McCULLOUGH and STEELMAN concur.