STATE OF NORTH CAROLINA v. MATTHEW LEE BECKELHEIMER

No. COA10-203

(Filed 19 April 2011)

**1. Evidence— prior incident—adolescent sexual encounter**

The trial court erred in a prosecution for first-degree sexual offense and indecent liberties by admitting testimony of an incident twelve years earlier involving the victim's half-brother. Sexual exploration with a child in the same general age range is quite different from a sexual act by force by a 27 year old man upon an eleven year old child.

**2. Evidence— prior conduct—erroneous admission prejudicial**

There was prejudice in a prosecution for first-degree sexual offense and indecent liberties in the erroneous admission of testimony about a prior incident where there was no physical evidence and the jurors had to decide whether to believe the victim or defendant.

Appeal by defendant from judgments entered on or about 7 August 2009 by Judge D. Jack Hooks, Jr. in Superior Court, Chatham County. Heard in the Court of Appeals 13 September 2010.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Jill A. Bryan, for the State.*

*Thomas R. Sallenger, for defendant-appellant.*

STROUD, Judge.

Matthew Lee Beckelheimer ("defendant") appeals from a trial court's judgment convicting him of one count of first-degree sexual offense and three counts of taking indecent liberties with a child. For the following reasons, we reverse defendant's conviction and grant him a new trial.

## I. Background

On 23 June 2008, defendant was indicted on three counts of taking indecent liberties with a child and one count of statutory sexual offense. On 1 June 2009, defendant in a superseding indictment was indicted for one count of first-degree sexual offense. On 4 May 2009, defendant filed a "motion to exclude evidence of uncharged crimes,

bad acts, or misconduct[,]" pursuant to N.C. Gen. Stat. § 8C-1, Rules of Evidence 401, 402, 403, and 404(b), arguing that the trial court should prohibit the State from introducing testimony from the victim's half-brother, "that he and the Defendant engaged in sexual behavior in the mid-nineties, when the defendant was a teenager." On 3 August 2009, defendant was tried on these charges during the Criminal Session of Superior Court, Chatham County.

The State's evidence tended to show that the minor victim and his mother went to defendant's house in July 2007. In July 2007, defendant was 27 years old and the minor victim was about 11 years old. Defendant invited the minor victim into his bedroom to play a video game. The minor victim was sitting on the floor and defendant told the minor victim to get onto the bed "because it was softer." Once the minor victim was on the bed, defendant climbed on top of the minor victim but "pretended like he was asleep for a little while." Defendant then held the minor victim down, stuck his hand down the minor victim's pants, unzipped the minor victim's pants, and "kissed" the minor victim's penis. The minor victim testified that defendant had touched him two other times prior to this incident. The minor victim stated that those instances involved defendant scratching or rubbing his back, again pretending like he was asleep, and then putting his hand "halfway on [the minor victim's] leg and halfway on [his penis]" while their clothes were on. The minor victim testified that he was born in July of 1996.

The trial court permitted, over defendant's objection, the minor victim's half-brother Ronnie Thomas Branson, age 24 at the time of trial, to testify regarding a sexual encounter he had with defendant when Mr. Branson was about 12 years old. Mr. Branson testified that before his thirteenth birthday, he would spend the night at defendant's house and "ride bicycles, play video games [and] computer games." While at defendant's house, Mr. Branson and defendant would also look at pornography on the computer. Mr. Branson then testified that "after a little while of that [defendant] would turn [the lights] off and [they] would go to bed [together]." Once in bed, defendant would begin rubbing Mr. Branson's penis then perform oral sex on Mr. Branson "by sucking [his] penis." Mr. Branson also testified that defendant "would [also] try to put his fingers in my butt." Mr. Branson then testified that he also performed oral sex on defendant. Mr. Branson testified that he spent the night with defendant on more than one occasion and that defendant was "maybe three or four years older [than him]." Mr. Branson stated that this happened before 1997 but he did not testify as to an exact date that this contact with defend-

ant occurred. Mr. Branson testified that his date of birth was 10 August 1984. Defendant's date of birth was 24 February 1980.

Defendant testified that in the summer of 2007, the minor victim and his mother came to his house to visit defendant's mother. At the time, defendant lived with his mother, and his niece at the same residence. When the minor victim came over, he would play on the computer and defendant also played video games with him in defendant's room. Defendant testified that during the last weekend in July 2007 he went to a funeral in West Virginia and did not return until 3 August 2007. Defendant also testified that after learning of the minor victim's allegation he was "in complete disbelief." Defendant testified that he did not "engage in sexual activity with Tommy Branson in 1995 or 1996 or at any time[;]" he did not "fondle [the minor victim] in the summer of 2007 or at any time[;]" and he did not "perform oral sex on [the minor victim] on July 28, 2007 or at any time."

On 7 August 2009, a jury found defendant guilty of three counts of taking indecent liberties with a child and one count of first-degree sexual offense. The trial court consolidated the three convictions for taking indecent liberties with a child and sentenced defendant to 16 to 20 months imprisonment for those convictions. The trial court also sentenced defendant to a concurrent term of 192 to 240 months imprisonment for the first-degree sexual offense conviction. Defendant gave oral notice of appeal in open court.

## II. Admission of Mr. Branson's testimony at trial

[1] Defendant first contends that the trial court erred in admitting testimony pursuant to N.C. Gen. Stat. § 8C-1, Rules 404(b) and 403 regarding sexual behavior between Mr. Branson, the victim's half-brother, and defendant, which happened some 10 to 12 years in the past.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (2007), in pertinent part, states that,

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

Our Supreme Court has further noted that

> Rule 404(b) evidence, however, should be carefully scrutinized in order to adequately safeguard against the improper introduction

of character evidence against the accused . . . . As we stated in *State v. Johnson*, 317 N.C. 417, 347 S.E.2d 7 (1986), "[t]he dangerous tendency of Rule 404(b) evidence to mislead and raise a legally spurious presumption of guilt requires that its admissibility should be subjected to strict scrutiny by the courts." *Id.* at 430, 347 S.E.2d at 15; *see also* 1A John H. Wigmore, *Evidence* § 58.2 (Peter Tillers ed. 1983) ("[Character evidence] is objectionable not because it has no appreciable probative value but because it has too much. The natural and inevitable tendency of the tribunal-whether judge or jury-is to give excessive weight to the vicious record of crime thus exhibited and either to allow it to bear too strongly on the present charge or to take the proof of it as justifying a condemnation, irrespective of the accused's guilt of the present charge.").

*State v. al-Bayyinah*, 356 N.C. 150, 154, 567 S.E.2d 120, 122-23 (2002). "[T]he use of evidence under Rule 404(b) is guided by two constraints: similarity and temporal proximity." *State v. Bowman*, 188 N.C. App. 635, 640, 656 S.E.2d 638, 644 (2008) (citation and quotation marks omitted). "[O]nce a trial court has determined the evidence is admissible under Rule 404(b), the court must still decide whether there exists a danger that unfair prejudice substantially outweighs the probative value of the evidence." *State v. Stevenson*, 169 N.C. App. 797, 800, 611 S.E.2d 206, 209 (2005) (citations and quotation marks omitted); N.C. Gen. Stat. § 8C-1, Rule 403 (2007). "That determination is within the sound discretion of the trial court, whose ruling will be reversed on appeal only when it is shown that the ruling was so arbitrary that it could not have resulted from a reasoned decision." *Stevenson*, 169 N.C. App. at 800-01, 611 S.E.2d at 209 (citation and quotation marks omitted).

A. Rule 404(b) similarity and remoteness in time

Defendant argues that because of both the lack of similarity and the remoteness in time between the acts alleged by the minor victim and Mr. Branson's testimony, the trial court erred in admitting this testimony. We must first consider the similarity of the acts, for if the acts were not sufficiently similar, Mr. Branson's testimony should not have been admitted.

Defendant argues that the sexual encounters as described by Mr. Branson were dissimilar to the facts of this case. The State counters that "there were striking similarities between the sexual acts involving the Defendant and Tommy Branson and the offenses charged." "Under

Rule 404(b) a prior act . . . is similar if there are . . . particularly similar acts which would indicate that the same person committed both." *State v. Stager*, 329 N.C. 278, 304, 406 S.E.2d 876, 890-91 (1991) (citations and quotation marks omitted). The similarities cannot be "generic to" the sexual acts alleged. *al-Bayyinah*, 356 N.C. at 155, 567 S.E.2d at 123. "A mere similarity in results is not a sufficient basis upon which to receive evidence of other offenses. Instead, there must be such a concurrence of common features that the assorted offenses are naturally explained as being caused by a general plan." *State v. Dixon*, 77 N.C. App. 27, 34, 334 S.E.2d 433, 438 (1985) (citations omitted), *overruled in part on other grounds by State v. Johnson*, 317 N.C. 193, 344 S.E.2d 775 (1986). "Where, however, the State fails to show sufficient similarity between the acts beyond those characteristics inherent to [the acts], evidence of the prior acts is inadmissible under Rule 404(b)." *State v. Dunston*, 161 N.C. App. 468, 473, 588 S.E.2d 540, 544 (2003) (citation and quotation marks omitted).

Mr. Branson testified that he was under 13 years old when the alleged sexual contact with defendant occurred and that defendant was around three or four years older than Mr. Branson; he spent the night at defendant's house and they would ride bicycles, and played video and computer games; they looked at pornography on the computer, then turned off the lights, and got into defendant's bed at night; defendant would start rubbing him in his "private" and then defendant would perform oral sex on Mr. Branson; defendant also attempted to put his fingers in Mr. Branson's rectum; Mr. Branson also performed oral sex on defendant; and that this happened more than one time.

In contrast, State's evidence showed that defendant was 27 years old and the minor victim was age 11 at the time of the alleged sexual contact in July 2007. The minor victim testified that defendant invited the minor victim to his room to play a video game; defendant invited the minor victim onto his bed during the daytime; defendant then got on top of the minor victim, pretending like he was asleep; and defendant then held the minor victim down, while he unzipped his pants and kissed his penis. The minor victim also testified that defendant had touched him two prior times, consisting of defendant rubbing his back and then putting his hand on the minor victim's penis, while they both had their clothes on. Beyond the fact that both Mr. Branson and the minor victim are males who played video games with defendant at his residence and the characteristics "inherent to" touching or oral sex, *see id*, there is little similarity in the two events. *Most* importantly, there was an age difference of about 16 years between defend-

ant and the minor victim at the time of the alleged sexual contact by defendant, but both defendant and Mr. Branson were minor children, about three or four years apart in age, when the acts Mr. Branson testified to occurred. The acts between Mr. Branson and defendant were apparently consensual. Sexual exploration with a child in the same general age range is quite a different thing than a sexual act perpetrated by force by a 27 year old man upon an 11 year old child. In most, if not all, cases addressing admissibility of evidence of prior sexual conduct by a defendant which occurred with another victim years prior to the crime at issue, the age difference and relationship between the defendant and the persons sexually abused were similar, in addition to similarities in the actions of the defendant. In particular, in cases of sexual abuse of children, the defendants were adults at the time of the prior acts and the evidence of prior similar acts dealt with other acts by a defendant upon similarly-aged minor victims. *See State v. Delsanto*, 172 N.C. App. 42, 615 S.E.2d 870 (2005) (evidence presented that the adult defendant committed sexual acts with his two three-year-old grandchildren and similar prior sexual acts with his niece when she was "about four years old."); *State v. Smith*, 152 N.C. App. 514, 568 S.E.2d 289 (2002) (evidence presented of defendant's sexual encounters with a 15 year old babysitter "admitted under Rule 404(b) of the North Carolina Rules of Evidence for the purpose of showing an absence of mistake on the part of defendant, defendant's unnatural attraction to young girls, and a common plan or scheme to take advantage of young girls in situations where he had parental or adult responsibility over them" in prosecution for sex offense and indecent liberties with stepdaughter at age 12); *State v. Frazier*, 344 N.C. 611, 476 S.E.2d 297 (1996) (evidence presented that the adult defendant committed sexual acts with his two teenage stepgranddaughters and three prior victims when they were young teenagers); *State v. Jacob*, 113 N.C. App. 605, 439 S.E.2d 812 (1994) (evidence presented that the adult defendant committed sexual acts with his 10 year old daughter and similar prior sexual acts with the victim's older stepsister when she was "a young girl" around age nine); *State v. Jones*, 322 N.C. 585, 369 S.E.2d 822 (1988) (the trial court made findings that the defendant committed sexual acts with his stepdaughter when "she was 12, 13 and 14-years-old" and prior sexual acts "in much the same manner as the victim" with another young girl living in the same residence as the defendant when "she was 11, 12, and 13-years-old").

In further contrast, there was no reciprocal sexual contact by the minor victim with defendant; defendant did not attempt to put his fin-

gers in the minor victim's rectum; and there is no mention of the use of pornography in the minor victim's testimony. Accordingly, we fail to see a "concurrence of common features" in Mr. Branson's testimony and the alleged charges which would be "naturally explained as being caused by a general plan." *See Dixon*, 77 N.C. App. at 34, 334 S.E.2d at 438.

Because we have determined that the acts as testified to by Mr. Branson were not sufficiently similar to the crime with which defendant was charged, we need not address the issue of remoteness in time. Both similarity and temporal proximity are required for the evidence to be admissible under Rule 404(b) as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." *State v. Carpenter*, 361 N.C. 382, 388, 646 S.E.2d 105, 110 (2006); N.C. Gen. Stat. § 8C-1, Rule 404(b). As the similarity is lacking, Mr. Branson's testimony should have been excluded.

B. Prejudice

**[2]** Even if the trial court erred by admission of Mr. Branson's testimony, "[t]o receive a new trial based upon a violation of the Rules of Evidence, a defendant must show that . . . there is a 'reasonable possibility' that without the error 'a different result would have been reached at the trial.' " *State v. Ray*, 364 N.C. 272, 278, 697 S.E.2d 319, 322 (2010) (quoting N.C. Gen. Stat. § 15A-1443(a) (2009)). Given the nature of Mr. Branson's testimony, there is a risk that the jury "convict[ed] defendant because of the kind of person he is, rather than because the evidence discloses, beyond a reasonable doubt, that he committed the offense charged." *Jones*, 322 N.C. at 590, 369 S.E.2d at 824. There was no physical evidence of the crimes and the State's case as to the sexual acts was based solely upon the testimony of the minor victim; defendant testified and denied that the acts occurred. The jurors had to decide whether to believe the minor victim or defendant, and Mr. Branson's testimony may have assisted them in making their decision against defendant. Therefore, "there is a 'reasonable possibility' that without the error 'a different result would have been reached at the trial[,]' " *see Ray*, 364 N.C. at 278, 697 S.E.2d at 322, and defendant has demonstrated prejudice as to the admission of this evidence. Accordingly, defendant has met his burden, and we reverse defendant's conviction and grant him a new trial. As we have granted defendant a new trial, we need not address any of the other issues raised in his brief on appeal.

NEW TRIAL.

Chief Judge MARTIN and Judge ERVIN concur.