STATE OF NORTH CAROLINA v. ANTHONY LYNN HOUSERIGHT

No. COA11-1490

(Filed 15 May 2012)

**1. Sexual Offenses—statutory sex offense—sufficient evidence**

The trial court did not err by failing to dismiss one count of statutory sex offense for insufficient evidence. The State presented sufficient evidence that defendant committed a sex offense upon the victim during the time frame alleged.

**2. Evidence—other crimes, wrongs, or acts—properly admitted to show plan—not unduly prejudicial**

The trial court did not err in a sexual offenses case by admitting evidence of sexual conduct by defendant with another girl of similar age as the victim during the same time period, pursuant to Rule 404(b). The evidence was properly admitted for the purpose of showing defendant's plan, and the admission of the evidence was not unduly prejudicial.

**3. Evidence—other crimes, wrongs, or acts—no prejudice—no plain error**

The trial court did not commit plain error in failing to intervene *ex mero motu* to exclude testimony concerning defendant's conduct with another girl. Even assuming *arguendo* that the

admission of the testimony was error, defendant failed to demonstrate that the jury probably would have reached a different result had the evidence not been admitted.

Appeal by defendant from judgment entered 26 August 2011 by Judge A. Moses Massey in Forsyth County Superior Court. Heard in the Court of Appeals 2 April 2012.

*Attorney General Roy Cooper by Assistant Attorney General Angenette Stephenson for the State.*

*Parish & Cooke by James R. Parish for defendant-appellant.*

STEELMAN, Judge.

The State presented sufficient evidence to survive a motion to dismiss on one count of statutory sex offense. The trial court did not err in admitting evidence of other sexual conduct by defendant with another girl of similar age as the victim during the same time period, pursuant to N.C.R. Evid. 404(b). The trial court did not commit plain error in failing to intervene *ex mero motu* to exclude testimony concerning defendant's conduct with another girl.

## I.  Factual and Procedural History

A grand jury indicted defendant for one count of first-degree rape of a child, one count of first-degree sex offense of a child, two counts of statutory sex offense, and seven counts of statutory rape.

The victim named in the indictments (B.F.) testified at trial. Two other girls, C.J. and E.S., also testified concerning defendant's sexual conduct with them. Defendant was found guilty of first-degree rape, first-degree sexual offense, two counts of statutory sex offense, and six counts of statutory rape. Defendant was found not guilty of one count of statutory rape. The trial court consolidated the convictions into two judgments and imposed two consecutive sentences of 192 to 240 months imprisonment, from the presumptive range.

Defendant appeals.

## II.  Sufficiency of the Evidence

[1] In his first argument, defendant contends that the trial court erred in failing to dismiss one count of statutory sex offense for insufficient evidence. We disagree.

We review the trial court's denial of a motion to dismiss *de novo*. *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). The trial court must determine whether there is substantial evidence of each essential element of the offense charged and that the defendant is the perpetrator of the offense. *Id.* "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Bates*, 313 N.C. 580, 581, 330 S.E.2d 200, 201 (1985).

"In considering a motion to dismiss, the trial court must analyze the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference from the evidence." *State v. Robinson*, 355 N.C. 320, 336, 561 S.E.2d 245, 256 (2002).

Defendant argues that there was no evidence that a sex offense occurred within the timeframe alleged at the Rosemont Avenue address. Defendant contends that as to this offense, B.F. testified that they had sexual intercourse, but did not specifically testify as to an act that would constitute a sex offense. However, B.F. testified that preceding each incident of sexual intercourse, defendant digitally penetrated her. This testimony was broad enough to encompass the incident that is the subject of defendant's argument. Taken in the light most favorable to the State, sufficient evidence was presented that defendant committed a sex offense upon B.F. at the Rosemont Avenue address.

This argument is without merit.

### III.  Evidence of Uncharged Sexual Conduct

[2] In his second argument, defendant contends that the trial court erred in admitting the testimony of another young girl, E.S., pursuant to N.C.R. Evid. 404(b). We disagree.

### A. N.C.R. Evid. 404(b)

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." N.C.R. Evid. 404(b) (2011). "It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." *Id.* Cases decided under N.C.R. Evid. 404(b) state a general rule of inclusion of relevant evidence of other crimes, wrongs, or acts by a defendant, "subject to but *one exception* requiring its exclusion if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the

nature of the crime charged." *State v. Coffey*, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990) (emphasis in original).

Relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C.R. Evid. 401 (2011). "North Carolina's appellate courts have been 'markedly liberal in admitting evidence of similar sex offenses to show one of the purposes enumerated in Rule 404(b).' " *State v. Thaggard*, 168 N.C. App. 263, 270, 608 S.E.2d 774, 780 (2005) (quoting *State v. Scott*, 318 N.C. 237, 247, 347 S.E.2d 414, 419 (1986)).

"The admissibility of 404(b) evidence is subject to the weighing of probative value versus unfair prejudice mandated by Rule 403." *Thaggard*, 168 N.C. App. at 269, 608 S.E.2d at 779 (internal quotation marks omitted).

### B. N.C.R. Evid. 403

When the features of the earlier act are dissimilar from those of the offense with which the defendant is currently charged, such evidence lacks probative value. Similarly, [w]hen otherwise similar offenses are distanced by significant stretches of time, commonalities become less striking, and the probative value of the analogy attaches less to the acts than to the character of the actor.

*State v. Badgett*, 361 N.C. 234, 243, 644 S.E.2d 206, 212 (2007) (alteration in original) (internal citation and quotation marks omitted).

N.C.R. Evid. 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. N.C.R. Evid. 403 (2011). "Evidence which is probative of the State's case necessarily will have a prejudicial effect upon the defendant; the question is one of degree." *Coffey*, 326 N.C. at 281, 389 S.E.2d at 56. Unfair prejudice is "an undue tendency to suggest decision on an improper basis[.]" *State v. Summers*, 177 N.C. App. 691, 697, 629 S.E.2d 902, 907 (2006) (alteration in original).

### C. Standard of Review

This Court has previously stated that a ruling based on N.C.R. Evid. 404(b) is reviewed simply for abuse of discretion. *Summers*, 177 N.C. App. at 697, 629 S.E.2d at 907 ("We review a trial court's determination to admit evidence under N.C. R. Evid. 404(b) and 403, for an abuse of discretion."). A closer examination of the Rule and its

application leads us to conclude that while abuse of discretion is an integral part of a N.C.R. Evid. 404(b) analysis, the determination of whether evidence was properly admitted under N.C.R. Evid. 404(b) and 403 actually involves a three-step test.

First, is the evidence relevant for some purpose other than to show that defendant has the propensity to commit the type of offense for which he is being tried? *Coffey*, 326 N.C. at 278, 389 S.E.2d at 54. Second, is that purpose relevant to an issue material to the pending case? *State v. Anderson*, 350 N.C. 152, 174, 513 S.E.2d 296, 310 (1999). Third, is the probative value of the evidence substantially outweighed by danger of unfair prejudice pursuant to N.C.R. Evid. 403? *Summers*, 177 N.C. App. at 697, 629 S.E.2d at 907.

The first two steps involve questions of relevance as defined by N.C.R. Evid. 401. *Coffey*, 326 N.C. at 278, 389 S.E.2d at 54. In *State v. Wallace*, 104 N.C. App. 498, 410 S.E.2d 226 (1991), this Court held that "even though a trial court's rulings on relevancy technically are not discretionary and therefore are not reviewed under the abuse of discretion standard . . . such rulings are given great deference on appeal." *Wallace*, 104 N.C. App. at 502, 410 S.E.2d at 228. Our Supreme Court recently adopted the language set forth in *Wallace*, stating that "[a] trial court's rulings on relevancy are technically not discretionary, though we accord them great deference on appeal." *State v. Lane*, ___ N.C. ___, ___, 707 S.E.2d 210, 223 (2011).

This Court has consistently acknowledged the deferential standard since *Wallace*, but there have been instances where this Court has applied a type of *de novo review. See, e.g., State v. Edmonds*, ___ N.C. App. ___, ___, 713 S.E.2d 111, 117 (2011) ("Though review of relevancy determinations is *de novo*, [a] trial court's ruling on an evidentiary point will be presumed to be correct unless the complaining party can demonstrate that the particular ruling was in fact incorrect." (alteration in original) (internal citation and quotation marks omitted)); *State v. Capers*, ___ N.C. App. ___, ___, 704 S.E.2d 39, 45 (2010) ("Although we review a trial court's ruling on the relevance of evidence *de novo*, we give a trial court's relevancy rulings great deference on appeal." (internal quotation marks omitted)), *appeal dismissed and disc. review denied*, ___ N.C. ___, 707 S.E.2d 236 (2011).

While we are bound by *Wallace*, and now *Lane*, to give deference to the trial court's ruling, we hold that questions of relevance are, in fact, reviewed *de novo*. This Court reviews the trial court's determination anew, but accords deference to the trial court's ruling.

The third step of the N.C.R. Evid. 404(b) analysis consists of the N.C.R. Evid. 403 balancing test. This test is reviewed for abuse of discretion. *Summers*, 177 N.C. App. at 697, 629 S.E.2d at 907.

### D. Analysis

In the first step of our analysis, we review whether the evidence of defendant's conduct with E.S. was relevant for some purpose other than to show that defendant had the propensity for the type of conduct for which he was being tried. The trial court concluded that the evidence was relevant and admissible for the purpose of showing plan and intent.

Prior to ruling that the evidence was admissible, the trial court heard testimony on *voir dire* from E.S. During that hearing, E.S. testified that defendant engaged in sexual conduct with her when she was 13 or 14 years old. E.S. was 20 years old at the time of the hearing, and B.F. was 21 at the time of the trial. The indictments allege that defendant engaged in sexual activity with B.F. over a period of years when she was 13 to 15 years old. Defendant's conduct with E.S. took place within the same time period as the offenses alleged in the indictments, and with a young girl of similar age.

E.S.'s testimony as to her sexual encounter with defendant tends to make the existence of a plan or intent to engage in sexual activity with young girls more probable. We hold that the trial court correctly determined that the evidence of defendant's sexual conduct with E.S. was admissible for the purpose of showing defendant's plan or intent to engage in sexual activity with young girls.

In the second step of our analysis, we review whether the purpose is relevant to an issue material to the pending case. The trial court made no explicit conclusions regarding the relevance of defendant's plan to a specific issue in the case. However, the decision to admit the evidence implies that the trial court concluded that defendant's plan or intent was relevant to a material issue.

In this case, defendant was charged with nine counts of statutory rape or sex offense. The crucial element in each of these offenses was the age of the victim and the age of the defendant. E.S.'s testimony was relevant on this issue, showing defendant's plan. This is consistent with analysis in prior cases.

In *State v. Williams*, 303 N.C. 507, 513, 279 S.E.2d 592, 596 (1981), where the defendant was charged with two counts of first-degree sex

offense, evidence that a third young girl more than three years older than the victims was properly admitted to show intent and plan or design. In *State v. McKinney*, 110 N.C. App. 365, 372-73, 430 S.E.2d 300, 304 (1993), where the defendant was charged with first-degree rape of a child, evidence that the defendant molested young girls over a period of years was properly admitted to show a common plan to molest young girls. In *Thaggard*, 168 N.C. App. at 270-71, 608 S.E.2d at 780, evidence of similar sexual assaults on other girls of similar age within the past two years was properly admitted to show a common scheme.

We hold that the purpose of showing defendant's plan or intent is relevant to show defendant's plan to engage in sexual activity with young girls.

In the third step of our analysis, we review for abuse of discretion the trial court's determination that the probative value of E.S.'s testimony is not substantially outweighed by the danger of unfair prejudice pursuant to N.C.R. Evid. 403. The trial court concluded that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice, based on the temporal proximity of the events and the similarity in the age of the girls.

Defendant cites *State v. Beckelheimer*, ___ N.C. App. ___, 712 S.E.2d 216 (2011), in support of his argument that E.S.'s testimony was not sufficiently similar for the purpose of showing defendant's plan. In *Beckelheimer*, the Court held that evidence of defendant's prior conduct was irrelevant to show a general plan. In that case, the witness was three or four years younger than the defendant; in contrast, the victim was 16 years younger than the defendant. *Beckelheimer*, ___ N.C. App. at ___, 712 S.E.2d at 219-20.

In the instant case, the prior bad act took place within the same time period alleged in the indictments. The timing does not support the exclusion of the evidence. Regarding the similarity of the acts, E.S. was "the same or within one year of the same" age as B.F., the victim. Defendant was an adult at the time of all alleged acts with B.F. and with E.S.

The trial court did not abuse its discretion in concluding that the proffered evidence was admissible under N.C.R. Evid. 403. We hold that E.S.'s testimony regarding a prior sexual encounter with defendant was properly admitted under N.C.R. Evid. 404(b) for the purpose of showing defendant's plan, and we further hold that the admission of this evidence was not unduly prejudicial.

This argument is without merit.

### III. Failure to Intervene *Ex Mero Motu*

**[3]** In his third argument, defendant contends that the trial court committed plain error in failing to intervene *ex mero motu* to exclude evidence. We disagree.

### A. Standard of Review

By failing to object to the evidence at trial, defendant has not preserved the issue for appeal. We review this issue for plain error. *State v. Rourke*, 143 N.C. App. 672, 675-76, 548 S.E.2d 188, 190 (2001).

> [T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *"fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has " 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' " or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."

*State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (alterations in original) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982) (footnotes omitted)).

To show plain error, "a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty." *State v. Lawrence*, ___ N.C. ___, ___, ___ S.E.2d ___, ___, 2012 WL 1242316 (April 13, 2012) (internal citation and quotation marks omitted).

### B. Analysis

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." N.C.R. Evid. 404(b).

Defendant argues that testimony from another young woman (C.J.) was "highly prejudicial negative character evidence." The evi-

**STATE v. HOUSERIGHT**

[220 N.C. App. 495 (2012)]

dence consisted of one line of testimony that "Cammy" was a "girl that Tony [defendant] had—Tony got pregnant, but she moved." Cammy was mentioned in a letter that defendant gave C.J. to give to B.F. Defendant argues that this evidence was introduced solely for the purpose of showing defendant's propensity to have sex with underage girls.

The only evidence of Cammy's age was that she was older than C.J. There was no evidence that Cammy was underage. The State asked C.J. about Cammy while laying a foundation for the introduction of the letter from defendant. Defendant requested C.J. to give to B.F. this letter, in which defendant writes to B.F. "[y]ou thought I was cheating on you, but really it was you who cheated on me[.]"

Assuming *arguendo* that the admission of this testimony was error, the State presented substantial evidence of defendant's guilt through the uncontested testimony of B.F. Defendant has failed to demonstrate that the jury probably would have reached a different result had the evidence not been admitted. Defendant also fails to demonstrate that admission of the evidence resulted in a fundamental miscarriage of justice. The admission of this evidence does not rise to the level of plain error.

NO ERROR.

Judges CALABRIA and BEASLEY concur.